P. J. DUFFY v. COLE PETROLEUM CO. ET AL.

No. 5001.   Decided April 25, 1928.

(5 S. W., 2d Series, 495.)

*K. C. Barkley, A. M. Waugh* and *Andrews, Streetman, Loque & Mobley,* for appellant.   Where plaintiff's cause of action depends primarily upon an alleged contract giving plaintiff an interest in money and property and obligations, a defendant alleged and shown to be in possession and control of said property and charged with the payment of such money and bound by such obligations is a proper party, and such allegation and proof entitles plaintiff to maintain such suit in the county where such defendant so bound and charged resides.   Coalson v. Holmes, 111 Texas, 510; Pecos & N. T. Ry. Co. v. Thompson, 106 Texas, 456; Elliott, Jones & Co. v. M. K. Towns Prod. Co., 283 S. W., 246; First Natl. Bank v. Gates, 213 S. W., 723; Richardson v. Cage, 252 S. W., 747; Meadows & Co. v. Turner, 270 S. W., 900; Hood v. Askey, 270 S. W., 1047; Dallas Ry. Co. v. Kimberly, 268 S. W., 1054; Woolley v. Canyon Exch. Co., 159 S. W., 403; Crenshaw v. Chambers, 283 S. W., 1095; National Surety Co. v. Atascosa I. W. & L. Co., 273 S. W., 821; Skipwith v. Hurt, 94 Texas, 322.

*Hicks, Hicks, Dickson & Bobbitt,* for appellees.   Pleading of plaintiff, though formally introduced in evidence, is not evidence of the truth of the facts alleged.   Waxahachie Natl. Bank v. Rothschild Co., 235 S. W., 633; Meadows & Co. v. Turner, 270 S. W., 900.

Plaintiff must prove as well as allege facts relied on as constituting the exception to exclusive venue.   Dallas, etc., Ry. v. Kimberly, 268 S. W., 1054; First Natl. Bank v. Gates, 213 S. W., 723; Elliott, Jones & Co. v. M. K. Towns Prod. Co., 283 S. W., 246; Hood v. Askey, 270 S. W., 1047; Richard v. Cage, 252 S. W., 747; Caughan v. Urquhart, 265 S. W., 1097.

In order for plaintiff to sustain his controverting plea in this case, it was necessary for him to show that the plaintiff had an agreement

with one or more of the defendants by which he was entitled to an interest in the fund which was alleged to be payable by the Houston Oil Company of Texas or the Houston Pipe Line Company, and in the absence of any proof of the terms of the contract between appellant and one or more of the defendants other than the Houston Oil Company of Texas and Houston Pipe Line Company on which the suit was based, there were no facts showing that either of the latter companies with offices in Harris County were necessary or proper parties to the suit.

Appellant is suing appellees for a commission on the alleged sale of gas or gas rights. Clearly this would not ordinarily give him a right to any interest in the proceeds of such sale. If he has any such right it is because of his special contract between him and appellees, by the terms of which he was not only to be paid a commission, but that such commission was to be represented by an interest in the proceeds of the sale. Otherwise he would have no interest in the fund represented by the proceeds of the sale or returns from the lease, and neither of the purchasers of the gas or gas rights would be either a necessary or proper party to the suit.

MR. PRESIDING JUDGE SHORT delivered the opinion of the Commission of Appeals, Section B.

The following is the certificate from the Honorable Court of Civil Appeals for the First Supreme Judicial District, presented to the Supreme Court and referred to this Section of the Commission for disposition:

"On original hearing in this cause, now pending here upon an undetermined motion for rehearing, this court held that venue against individual non-residents may not be sustained in a different county, despite their pleas of privilege to be sued in their own county, by the mere general allegation, made as in compliance with R. S., Art. 2007, that other defendants were corporations having their domicile in the county of the suit and were proper defendants in the cause, there being neither specific facts stated nor even prima facie proof offered tending to indicate that they were such proper parties.

"The facts upon which the holding was made were as follows:

"In the District Court of Harris County appellant as plaintiff sued Cole Petroleum Company, both as a corporation and a partnership, C. R. Cole and Dudley A. Tyng individually and as members of the alleged partnership, making the Houston Oil Company and Houston Pipe Line Company, both corporations, parties, and

declared upon a broker's contract for a commission on the alleged sale to the Houston Oil and Pipe Line Companies of oil and gas rights in certain lands the other defendants owned in Webb County, his trial petition in material substance charging:

"That they agreed with him that, if he found a purchaser with whom they contracted for the sale thereof, he should have a ten per cent interest in the proceeds; that he did find such purchasers in the Houston Oil and Pipe Line Companies, with whom these other defendants made two certain contracts entitling them to specified payments and royalties from time to time over an extended period, these contracts being attached as exhibits to his pleading; and that, by reason of his own contract with such defendants for the commission, he had an interest in these payments as and when they became due from the Houston companies, which in fact thus became trustees for him therefor.

"The defendants Cole and Tying, individually and as partners, pleaded privilege in statutory form, claiming the right to be sued in Webb County, whereupon appellant as plaintiff filed this controverting affidavit:

" 'And controverting the plea of privileges filed by the defendants, C. R. Cole and Dudley A. Tying, individually and as members of the partnership of Cole Petroleum Company, plaintiff respectfully shows to the court that the defendants, Houston Oil Company of Texas and Houston Pipe Line Company, are proper defendants in this cause, and that each of said defendants, Houston Oil Company of Texas and Houston Pipe Line Company, are corporations having their domicile in Harris County, Texas.

" 'Wherefore, plaintiff says that said pleas of privilege should be in all things overruled.'

"In reply, the named defendants, appellees here, excepted to this controverting plea upon the ground that it did not state the facts relied upon to confer venue, but merely a legal conclusion, and also denied that either of the Houston companies was a necessary party to the suit, charging that they had been made parties solely to further the attempt to give the District Court of Harris County jurisdiction over themselves.

"On the issue thus joined, the only evidence introduced, in addition to an agreement between the litigants that at all material dates the appellees had been residents of Webb County and the two Houston companies of Harris County, consisted of the original and trial petitions of the appellant, together with the two previously

described contracts attached as exhibits thereto; these contracts were exclusively between the two Houston companies and the appellees, made no reference whatever to the appellant, and in no way indicated that he had any connection with or interest in the sale of the oil and gas rights from the appellees to the Houston companies, which they evidenced.

"The trial court sustained the pleas of privilege, and this court affirmed that action in the holding first referred to.

"On reconsideration, however, this court's jurisdiction seeming to be final and there being earnest contention made upon the one side that its former decision is in conflict with the holdings of other Courts of Civil Appeals, especially in the cases of Humphreys v. Young, 293 S. W., 655, and Bank v. Rothschild, 235 S. W., 633, and upon the other that it is in exact accord with the opinion of the Commission of Appeals in Richardson v. Cage, 252 S. W., 747, we deem it advisable to certify for your answer these inquiries:

"(1) Was the quoted sworn pleading controverting the plea of privilege a sufficient compliance with R. S., Art. 2007?

"(2) With appellant's petition containing in substance the averments above stated, and he having so joined in the county of the suit both the resident and non-resident defendants, was it necessary upon the hearing of the plea of privilege for him to prove, prima facie at least, that by the terms of his alleged contract with the non-resident defendants he was entitled to some percentage of the fund to be accumulated in the hands of either or both of the corporate defendants resident in Harris County?"

It will be noted that the individual defendants pleaded a privilege in the statutory form claiming the right to be sued in Webb County, from which it is apparent that under Art. 2007, Revised Statutes of 1925, in the absence of a filing within due time of a controverting affidavit, the plea constituted prima facie proof of the defendants' right to change the venue. The controverting affidavit which was duly filed within the time prescribed by law merely says that the corporation defendants are proper parties having their domicile in Harris County where the suit was brought. The statute requires that a controverting affidavit shall specifically set out the "fact or facts relied upon to confer venue of such cause on the court where the cause is pending." The parties claiming the privilege to be sued in their own county excepted to this controverting plea upon the plea that it did not state the facts relied upon to confer venue, but merely stated a legal conclusion. The only evidence introduced in addition

to an agreement between the litigants that at all the material dates the parties claiming the privilege had been residents of Webb County and the corporations of Harris County, were the petitions, original and trial, of the party filing the controverting affidavit together with two contracts attached as exhibits thereto which made no reference to the party filing the controverting affidavit, but referred only to the sale of oil and gas rights from the parties filing the plea of privilege to the Houston companies.

In Greenville Gas & Fuel Company v. Commercial Finance Company, 298 S. W., 550, Commission A,· through Presiding Judge Harvey, in answering certified questions from the Court of Civil Appeals for the 10th District held that where a defendant has duly asserted the statutory privilege of being sued in the county of his domicile, the plea should be sustained, unless facts depriving him of the privilege· are proved as well as pleaded by his adversary, citing Coalson v. Holmes, 111 Texas, 509; 240 S. W., 896; Hilliard v. Wilson, 76 Texas, 184; 13 S. W., 25; Lindheim v. Muschamp, 72 Texas, 35; 12 S. W., 125; Cohen v. Munson, 59 Texas, 237; Lassiter v. Waits, 95 Texas, 555; 68 S. W., 500.

Associate Justice Greenwood, speaking for the Supreme Court in Coalson v. Holmes, supra, says:

"To deprive a defendant of the right of trial in the county of his domicile, the case against him must be within an exception to Art. 1830 (now ´1995) of the Revised Statues. With the venue challenged under proper plea, by one sued without his county as shown by the plaintiff's pleading or by proof, the burden not only to allege but to prove that the case is within one of the exceptions to the statute rests on the plaintiff," citing Pecos & N. T. Ry. Co. v. Thompson, 106 Texas, 460, and other authorities, and then proceeds: "Plaintiff in error wholly failed on the hearing or rehearing of the plea of privilege, to meet the burden resting on him to prove a cause of action for fraud committed in Parker County."

In World Company v. Dow, 116 Texas, 146; 287 S. W., 241, in answering a certified question, Sec. A. of this Commission, through Judge Bishop, says:

"Here the plaintiff in the trial court was seeking to deprive the defendant of the privilege of trial in the county of its domicile by reason of an exception to Art. 1830 of the Revised Civil Statutes of 1911 (Art. 1995, R. C. S., 1925) and he had the burden of showing by both allegation and proof that his case came within such exception. If issue on the exception claimed was joined by con-

troverted affidavit and notice thereof or waiver of such notice, the burden rested upon him to offer evidence to show the existence of such exception. In the absence of any such showing, the trial court was not justified in overruling the plea of privilege by virtue of the fact that the plaintiff's petition on its face showed that venue of suit was properly laid in Archer County, the allegations contained in his petition not being proof of the facts alleged." Citing Richardson v. D. S. Cage Co., 113 Texas, 152.

An inspection of the controverting affidavit quoted in the certificate shows that it does not set out specifically any fact or facts which would have the legal effect to confer venue of the cause on the District Court in Harris County. This controverting affidavit merely alleges that the corporation defendants are proper parties in the cause and have their domicile in Harris County, all of which could be true and yet no material allegation in the plea of privilege would be controverted. At most the statements in the controverting affidavit are conclusions of the pleader. When we come to examine the evidence introduced, we find the total absence of any testimony tending to show a state of facts which would authorize a suit by the plaintiff against all the defendants in Harris County in the face of the statements made in the plea of privilege by two of the defendants. There is no connection shown by the testimony to be in existence between the plaintiff in the original suit upon the one hand and the defendants in the suit upon the other whereby the plaintiff had a common cause of action against the defendants or a cause of action in which all of the defendants are so connected as to authorize a common suit against them and the rendition of a common judgment in the suit.

Article 1995, after providing the general rule as to venue to be that no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile, makes certain exceptions, one of which is that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The plea of privilege must have stated, it being found to be legally sufficient, that "no exception to exclusive venue in the county of one's residence provided by law exists in said cause." In the light of the record this statement in the plea of privilege is in effect an allegation that the parties claiming the privilege occupy no such contractual relation toward the plaintiff and towards the other parties defendant as would constitute them defendants within the meaning of exception 4 to the general rule as stated in Art. 1995. To successfully assail this contention it was the duty of the original

plaintiff to embody in his controverting plea a statement "setting out specifically the facts relied upon" to do so, as stated in Art. 2007, R. S., 1925. This he did not do, nor did he attempt to prove any such allegation or kindred one.

The cases of Northern Traction Co. v. Bryan, 299 S. W., 325, Eggameyer v. San Antonio Machine & Supply Co., 299 S. W., 518, and Jaffee v. Walkup, 2 S. W. (2d S.), 480, in which opinions were rendered by the Court of Civil Appeals, when considered in connection with each other fairly illustrate what the record must show on behalf of one filing a controverting affidavit to a plea of privilege to justify the court to refuse to sustain a plea of privilege, provided, of course, the plea of privilege is in due form duly filed and the character of the action is such that an issue of venue can be presented under Art. 2007. There are some situations, one of which is stated in Art. 5420, where the character of action is such that no issue of venue can arise under the plea of privilege statute.

We are of the opinion that the trial court correctly sustained the plea of privilege and that the Court of Civil Appeals, in affirming that action, was correct.

We therefore recommend that question No. 1 be answered in the negative and that question No. 2 be answered in the affirmative.

Opinion of Commission of Appeals answering certified questions is adopted, and ordered certified to the Court of Civil Appeals.

C. M. Cureton, Chief Justice.