### HUDGINS v. HANSBRO. (No. 9217.)

Court of Civil Appeals of Texas. Galveston. Nov. 8, 1928.

A. E. Masterson and Carlos B. Masterson, both of Angleton, for appellant.

Llewellyn & Kayser, of Liberty, for appellee.

GRAVES, J. This appeal is from a judgment of the district court of Brazoria county sustaining a plea of privilege of the appellee to be sued in the county of his residence, Liberty. The correctness of the order depends upon whether or not the suit as filed and heard was one for partition of personal property within the meaning of subdivision 13 of R. S. art. 1995.

Liberty county was the one in which the appellee resided, as well as that where the administration upon the estate of his intestate was pending, and appellant filed and sought to maintain the suit in Brazoria county upon allegations to the effect that he and the intestate, Jeff Cochran, during the latter's lifetime, had been engaged in a partnership cattle business conducted in Brazoria county, as to the accounts of which there had never been any settlement between them. He charged that there was a balance of $20,000 due him from Cochran's estate if an accounting of the copartnership assets were had, and prayed for such an accounting and for judgment for such amount of money as should appear therefrom to be due to him, tendering upon his part the payment of what might be due to his deceased partner from him. He further prayed for general and special relief. The plea of privilege of the appellee was in statutory form and was filed within due time.

For controverting affidavit to this plea the appellant reiterated the substance of his trial petition, as just in purport given, and added averments to the effect that, under the terms of the partnership contract between himself and Cochran, the cattle were to be, and had been, kept in Brazoria county, Tex., and that "all the property belonging to said partnership was now located in Brazoria county, Tex., all of which appears in plaintiff's petition on file in this case." He then alleged:

"V. This Court has venue of this suit because this is a suit for the partition of property and said property and/or a part thereof, situated and located and is in Brazoria County, Texas.

"VI. The plaintiff says that an exception to exclusive venue in the county of one's residence exists in this case; he denies and controverts all the allegations contained in the defendant's plea of privilege."

608

There was no averment in either petition or affidavit that there was in fact property qf the partnership left over in Brazoria county, none as to what it was, its amount or value, nor any prayer for the partition thereof.

When it came to the proof, appellant admitted that all the large number of cattle belonging to the firm, which constituted its sole property, had been sold and disposed of, except a few scattering head—possibly 15—that he missed on the range when he gathered the stock to be sold, and that he had filed with the appellee administrator a claim for about $19,000 in money, which had been by the latter rejected prior to the filing of this suit. He then further testified as to the object of the suit:

"I filed this suit because I wanted to get a settlement and I thought that was the only way I could get it. I was just trying to find out how much the estate owed me and get a judgment for that amount and that is why I filed this suit."

■■ The burden was upon appellant to both allege and prove a case coming within the exception invoked (subdivision 13 of R. S. art. 1995; Duffy v. Cole [Tex. Com. App.] 5 S.W.(2d) 495), but this pleading and evidence did neither. At most the statement in the controverting affidavit that "this is a suit for the partition of property," etc., does not make it so, but amounts merely to a conclusion of the pleader, because not "setting out specifically the fact or facts relied upon to confer venue of such cause" on the district court of Brazoria county, as required by R. S. art. 2007. The necessary proof was just as much wanting, since it admittedly appeared that the few missing head of cattle, and as to which he nowhere asked for a division, had been with him a mere incident.

The judgment will be affirmed.

Affirmed.