## McLEROY v. THRIFT, Inc. (No. 9365.)

Court of Civil Appeals of Texas. Galveston.
Nov. 27, 1929.

Sanders & McLeroy, of Center, for appellant.

Gill, Jones & Tyler, of Houston, and Greenwood & Reeves, of Palestine, for appellee.

GRAVES, J. .This appeal is from an order of the court below overruling appellant's plea of privilege to .be sued in the county of his residence, Shelby.

The suit was instituted in the district court of Anderson county against C. A. Below, who was alleged to be at that time a resident of Anderson county, and against appellant, alleged to be a resident of Shelby county, seeking a recovery against Below on a note and to foreclose an alleged mortgage lien thereon against an automobile, and the foreclosure only against appellant on averment that the automobile was in his possession in Shelby county, and that he had converted it to his own use and benefit.

Appellant's plea of privilege was in all respects in statutory form, which the appellee in due time controverted with the following plea:

"The plaintiff has filed herein a petition alleging that the defendant C. A. Below is a resident and has his domicile in the County of Anderson, State of' Texas, and such allegations are true and correct.

"That the defendant, C. A. Below, at the time of plaintiff's said petition herein and at the time of service of citation thereon upon said Below, was domiciled in and a resident of Palestine, County of Anderson, State of Texas, and was there employed by Hamilton Motor Co. from on or. about the 21st day of August, 1928, up to and including 2nd day of November, 1928.

"At the time of the filing of such suit and from that time to this date, the said C. A. Below has resided .at all times and been fully domiciled in said County of Anderson, State of Texas.

"This Court, therefore, has venue of this suit because the defendant, C. A. Below, being a resident of Palestine, Anderson County, Texas, has been sued in the county in which

said defendant has his domicile, and where two or more defendants reside in different counties suit may be brought in any county where one of the defendants reside."

Among a number of other grounds of attack upon the challenged judgment, appellant insists that, not only did this answering pleading fail as a compliance with Rev. St. 1925, art. 2007, but that the proof given under it also was insufficient to overcome the prima facie right to a change of venue arising from the filing of his plea of privilege.

This position must be sustained; the cited statute requires that a controverting affidavit must itself specifically set out the "fact or facts relied upon to confer venue of such cause on the court where the cause is pending," and the plaintiff also has the burden of proving the facts so alleged, at least prima facie, in order to overcome the effect the same statute accords the plea of privilege in providing that, when filed, it "shall be prima facie proof of the defendant's right to a change of venue." Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.(2d) 495, and authorities therein cited.

The total sum and material substance of all the facts alleged in this controverting plea is, merely, that the plaintiff has filed his petition in this cause truly alleging the defendant Below to have been at all material times domiciled in, a resident of, and to have been employed by Hamilton Motor Company at, Palestine, in Anderson county, Tex., from about August 21st to November 2d of 1928. The concluding assertion that these facts conferred venue adds nothing.

The petition itself is not attached, nor, even by reference, is any averment in it made a part of this affidavit; obviously it completely fails to meet the explicit requirements of the statute, since no facts even constituting a cause of action against Below are stated, to say nothing as to appellant— an alleged nonresident of the county of the suit, who is not mentioned. All the averments as to Below might be true, and yet no reason for appellee's suing him would appear.

The proof received under the plea is equally deficient; the note and mortgage declared upon as against defendant Below were not offered in evidence, nor was there other proof tending to indicate that he owed the appellee anything, all that appeared as to him being proof that he lived in Anderson county; the appellant, whose residence was admitted to have been at all material times in Shelby county, was not shown to have been answerable on any obligation either to Below or to the appellee in Anderson county, or elsewhere, nothing connecting him with the automobile referred to in appellee's petition being presented.

The controverting plea itself was offered in evidence, but, having not even alleged any facts tending to sustain the venue of the suit against appellant, far less could it constitute the proof of any. Meadows & Co. v. Turner (Tex. Civ. App.) 270 S. W. 899; Thompson v. Wynne, (Tex. Civ. App.) 9 S.W.(2d) 745; Bank v. Sanford (Tex. Civ. App.) 228 S. W. 650.

We are not in accord with appellant's further contentions that no common cause of action was alleged against the two defendants, in that the resident one was sued for debt upon a note and foreclosure of a mortgage securing it while he himself was only sought to be held for converting the automobile to his own use, and that he was not, within the meaning of Complete Tex. St. 1928, art. 1995, subd. 29a, a necessary party to such foreclosure action against his codefendant, athough he was alleged to have possession of the automobile involved, and to be withholding it from the appellee, under a conversion of it to his own use; rather do we conclude upon this phase of the case, first, that the prayer of the appellee's trial petition clearly discloses a common cause of action against the other defendant and himself for the foreclosure of its mortgage lien against the property, and an individual one against the former only for its alleged debt on the note, it being this:

"Wherefore, plaintiff prays the Court that the defendants, and each of them, be cited to appear and answer herein, and that upon final trial hereof it have judgment against defendants, C. A. Below, and E. J. McLeroy, jointly and severally, for foreclosure of its mortgage lien upon the above described property, and that an order of sale issue directing the Sheriff or any constable of Anderson County or Shelby County, or the Sheriff or Constable of any County where said property may be found to seize and sell the same as prescribed by law; that plaintiff have judgment against the defendant, C. A. Below, for its debt, principal, interest and attorney's fees, and for such other and further relief, special and general, at law and in equity, as it may show itself justly entitled to receive."

Second, that so regarding the action as concerns the appellant, he—claiming an adverse interest in property on which a mortgage lien was sought to be foreclosed against another, along with himself—should be held to be a necessary party to the suit under subdivision 29a, supra, on the view that only in that way would the plaintiff be afforded adequate relief; Townes on Texas Pleading, 2d Edition, p. 259, subd. ——; Boydson v. Morris, 71 Tex. 697, 10 S. W. 331; Lind et ux. v. Merchants' State Bank & Trust Co. (Tex. Civ. App.) 16 S.W.(2d) 385; Carter v. Attoway, 46 Tex. 108; First State Bank v. Hill (Tex. Civ. App.) 2 S.W.(2d) 1023; Hall v. Hall, 11 Tex. 526; Templeman v. Gresham, 61 Tex. 50.

Pursuant to these conclusions, the judgment will be reversed and the cause remand-

ed, with instructions to the trial court to transfer the case, in so far as concerns appellant, to the district court of Shelby county. Reversed and remanded, with instructions.