## GULF REFINING CO. v. LIPSCOMB et al.
### No. 9568.

Court of Civil Appeals of Texas. Galveston.
July 2, 1931.

Rehearing Denied July 22, 1931.

Geo. A. Byers, of Houston, for appellant.

Baker, Botts, Andrews & Wharton and Tom M. Davis, all of Houston, for appellees.

GRAVES, J.

This general statement, with only such slight interlineations as do not change the state of the record, is taken from the appellees' brief as being in substance a correct reflection of the nature and disposition of the cause below:

"This suit on a sworn account, which in writing obligated the two Lipscombs to pay it in Harris County, was filed in the district court of Harris County, Texas, on the 27th day of March, 1930, by Gulf Refining Company against T. G. Lipscomb, Mrs. P. G. Lipscomb, partners, operating under the trade name of Lipscomb Motor Company with a branch business located at Groveton, Texas, known as the Groveton Motor Co., E. S. Roberts, L. P. Atmar, and the Groveton Motor Co., a corporation, all the defendants being residents of Trinity County, Texas, the appellant alleging that the three latter defendants, appellees herein, violated the bulk-sales law in various ways on and after October 16, 1929.

"It does not appear from appellant's pleadings that appellees are in any way liable to appellant on the sworn account, or of any other indebtedness whatsoever, unless alleged failure to comply with the bulk-sales law makes them liable thereon. Neither did appellant plead any facts which would constitute fraud on the part of appellees, nor any other cause of action against them other than the violation of the Bulk-Sales Law, R. S. art. 4001.

"It appeared from appellant's original petition that the Groveton Motor Co., a partnership, had been sold by the Lipscomb Motor Co., a partnership, to E. S. Roberts, who operated the business under the same name after having had it incorporated.

"In due time, defendants E. S. Roberts, L. P. Atmar, and Groveton Motor Co., a corporation, filed proper pleas of privilege to be sued in Trinity County, in full conformity to R. S. art. 2007, whereupon plaintiff filed controverting affidavits setting forth in almost identical words the matters already pleaded and incorporated, by reference, in its original petition in each of the affidavits. The sole ground alleged for giving the court venue over the appellees was that appellant had venue over the Lipscombs, and that the other defendants, appellees herein, were necessary parties to the suit.

"A hearing was had on the pleas of privilege and the contest thereof on June 20, 1930, at which time plaintiff introduced in evidence certain dray tickets, all dated October 16, 1929, or prior thereto, evidencing sales to the Lipscomb partnership, it being agreed that the agent signing for the partnership had authority to bind its members. Plaintiff likewise placed a witness on the stand to explain the various notations, etc., appearing on the dray tickets. Plaintiff then offered in evidence its original petition, and defendants' counsel objected that plaintiff's pleadings did not constitute evidence in its behalf of the facts and matters therein pleaded, which objection was sustained, and upon appellant's failure to offer any further evidence, the court sustained the pleas of privilege of appellees, E. S. Roberts, L. P. Atmar, and Groveton Motor Co., a corporation, and ordered that the cause pertaining to appellees, and only as to them, and not as to T. G. Lipscomb and Mrs. P. G. Lipscomb, be transferred to Trinity County, Texas."

Inveighing here against the upholding of these three pleas, appellant ably contends, in substance, that the venue was properly laid in Harris county as against the appellees, because: (1) The undisputed evidence showed that the two Lipscombs had contracted in writing to pay its debt in that county, and it further appeared from both its original petition and subsequent controverting affidavit, specifically making the same a part thereof, that the appellees were all proper and necessary parties to the suit; (2) there being no exceptions or other pleadings by appellees setting up any misjoinder of parties or causes of action as affected them in such petition of appellant, which alleged not only that all defendants were residents of Trinity county, but that the three appellees were proper and necessary parties, it was competent evidence of the facts therein so alleged, and, as a matter of law, left the trial court no alternative than to hold the appellees as well as the Lipscombs to

have been properly sued in Harris county, since their pleas of privilege that "no exception to the venue statute existed," being a mere conclusion, raised no issue of fact.

In our opinion, the trial court's ruling was correct; the statement of facts merely reflects, first, that the two Lipscombs, as partners doing business under the firm name of Groveton Motor Company, had purchased the goods specified in the account sued on from the appellant and agreed in writing to pay it for them in Harris county, and, second, this agreement of the parties:

"It is agreed that the receipts for goods purchased by the Groveton Motor Company from the plaintiff were duly signed by the authorized agents of said partnership, and that said agents so signing had authority to bind said partnership composed of said * * * T. G. Lipscomb and Mrs. P. G. Lipscomb, to pay for said goods, wares and merchandise in Houston, Harris County, Texas. * * *

"Plaintiff offered in evidence and for consideration by the court, its original petition filed herein, to which counsel for the defendants, E. S. Roberts, L. P. Atmar and the Groveton Motor Company, incorporated, objected, on the ground that the pleadings of plaintiff did not constitute evidence in its behalf, which objection was sustained by the court, and the court refused to consider the original petition of plaintiff in connection with passing upon said defendants' pleas of privilege, and plaintiff's contests thereof."

■■ Obviously, the mere empirical ipse dixit in appellant's petition, although repeated in its controverting affidavit, that the appellees "were necessary parties" to the suit, did not make them such, even as a matter of pleading, it being necessary under R. S. art. 2007 to set out "specifically the fact or facts relied upon to confer venue," Duffy v. Cole Pet. Co., 117 Tex. 387, 5 S.W.(2d) 495; as the preliminary statement has already recited, there was nothing of the sort, unless the averments relating to the Bulk Sales Law may be regarded as such, and appellant itself thus summarizes the whole purport of these in its written argument:

"The allegations in both the original petition and the controverting plea of appellant against the appellees is that, by reason of their having taken over the stock of goods, etc., without complying with the bulk-sales law, they had thereby become receivers and holders of said property, and held same in trust for the plaintiff."

Even so, the only liability thereby charged against appellees is that, having violated the Bulk Sales Law in acquiring the property from the Lipscombs, they became receivers thereof for appellant's benefit as a prior creditor of the Lipscombs—not that they became

250

either primarily or secondarily liable to pay the debt the Lipscombs owed it; and what they thus charged seems to be the full legal effect of such a violation of that statute, R. S. art. 4001; Gardner v. Grocery Co., 113 Tex. 423, 256 S. W. 911; Bank of Carbon v. Coxe Mercantile Co. (Tex. Civ. App.) 241 S. W. 602 (dismissed for want of jurisdiction); but, since the causes of action against the two different sets of defendants were thus entirely separate and distinct, that would not make appellees necessary parties within the meaning of R. S. art. 1995, subdivision 29a as added by Acts 40th Leg. (1927) 1st Called Sess. c. 72, § 2 (Vernon's Ann. Civ. St. art. 1995 subd. 29a) in the suit against the Lipscomb partnership only on the sworn account; McCarroll v. Edwards (Tex. Civ. App.) 22 S. W.(2d) 684; Bingham v. Graham (Tex. Civ. App). 220 S. W. 105; Wilson v. Reeves County Water Improvement District (Tex. Civ. App.) 256 S. W. 346; Wool Growers' Central Storage Co. v. Edwards (Tex. Civ. App.) 10 S.W.(2d) 577; Fox, Sheriff, et al. v. Cone, 118 Tex. 212, 13 S.W.(2d) 65; Cerf v. Mings (Tex. Civ. App.) 15 S.W.(2d) 91; Justin McCarty, Inc., v. Ash et al. (Tex. Civ. App.) 18 S.W.(2d) 765.

■ However, the filing of appellees' pleas of privilege, under the express terms of R. S. art. 2007, constituted prima facie proof of their right to the change of venue accorded, hence it became necessary for the appellant in controversion not only to allege, but also to prove—at least prima facie—facts sufficient to overcome such right; this it wholly failed to do as concerns the proof, even if our conclusion that the pleading too was insufficient be erroneous; the learned trial court was clearly correct in holding that appellant's petition could not be received in evidence as establishing the facts therein alleged, but was merely to be considered by it in order to determine the nature and character of the suit. McLeroy v. Thrift, Inc., (Tex. Civ. App.) 22 S.W.(2d) 497; Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.(2d) 495; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; World Co. v. Dow, 116 Tex. 147, 287 S. W. 241; Cook v. Guzman (Tex. Civ. App.) 19 S.W.(2d) 855; Brooks v. Herren (Tex. Civ. App.) 20 S.W.(2d) 807; Bryan v. Collins (Tex. Civ. App.) 5 S.W.(2d) 600; Perry v. Wood (Tex. Civ. App.) 25 S.W.(2d) 650; Thompson v. Trentham (Tex. Civ. App.) 17 S.W.(2d) 130; Edmonds v. White (Tex. Civ. App.) 226 S. W. 819; American Rio Grande Land & Irrigation Co. v. Karle (Tex. Civ. App.) 237 S. W. 358; Texas Farm Mortgage Co. v. Starkey (Tex. Civ. App.) 25 S.W.(2d) 229; Justin McCarty, Inc., v. Ash (Tex. Civ. App.) 18 S.W.(2d) 765; Nolen v. Harding (Tex. Civ. App.) 235 S. W. 687; Yates v. State (Tex. Civ. App.) 3 S.W. (2d) 114; Grogan-Cochran Lumber Co. v. McWhorter (Tex. Civ. App.) 15 S.W.(2d) 126;

Sims v. Trinity Farm Construction Co. (Tex. Civ. App.) 28 S.W.(2d) 856.

■ Wherefore, the resulting situation is that, were the violation of the Bulk Sales Law declared upon considered sufficient as a controverting pleading, there is no proof whatever that it was ever committed—a complete impasse to appellant's case being thereby reached, since it had the burden of also proving what it charged in that respect. McLeroy v. Thrift, Inc., (Tex. Civ. App.) 22 S.W.(2d) 497, and other authorities cited, supra.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; the judgment of the trial court will be affirmed.

Affirmed.