## PAXTON et al. v. FIRST STATE BANK OF TATUM.
### No. 4056.

Court of Civil Appeals of Texas. Texarkana.
Sept. 17, 1931.

Sanders & McLeroy, of Center, and Huggins, Kayser & Liddell and John Dawson, all of Houston, for appellants.

Woolworth & Baker, of Carthage, and Brachfield & Wolfe, of Henderson, for appellee.

SELLERS, J.

This suit arose as an aftermath of the closing of the First State Bank of Tatum, Tex. The bank closed in the latter part of January, 1927. Thereafter a new bank, known as the Tatum State Bank, was formed which took over the assets and equipment of the old First State Bank; stockholders of the old First State Bank guaranteeing the assets acquired by the new State Bank. Among the assets of the old First State Bank were found the two promissory notes sued upon herein; one executed by Wm. Morton Paxton, the former cashier of the First State Bank, and the other executed by one R. L. Sholar. Both notes were made payable to the First State Bank.

Thereafter on May 29, 1929, the First State Bank instituted this suit in the district court

of Rusk county, Tex., against the defendants R. L. Sholar, Wm. Morton Paxton, and the American Indemnity Company, which company had been the surety upon the fidelity bond of Paxton. The plaintiffs alleged that, during the life of his indemnity bond, Paxton had wrongfully abstracted or willfully misapplied certain moneys belonging to the plaintiff bank, in that the moneys obtained from it by reason of the execution by him of his $1,250 note did not represent a bona fide loan by it to him, and that the transaction was done by him without the consent of the board of directors of the bank, in that the moneys obtained from the bank by reason of the $2,500 note signed by R. L. Sholar and payable to the bank were in fact received by him and not by Sholar, the transaction having been a simulated one in which Paxton and Sholar joined for the purpose of enabling Paxton to obtain money from the bank which he could not by law borrow from it.

The defendant Paxton filed a statutory plea of privilege to be sued in Harris county, the county of his residence. The plaintiff filed a controverting affidavit to this plea of privilege, against which controverting affidavit the plaintiff Paxton urged general and special exceptions, which were overruled by the court. And upon the hearing of the plea of privilege, the court overruled the same, to which action of the court the defendants excepted and gave notice of appeal to this court.

Immediately after the ruling on the plea of privilege, the court proceeded to try the case upon the merits, and by agreement of the parties, the cause was withdrawn from the jury and was tried before the court, resulting in a judgment rendered on February 5, 1931, in favor of the Tatum State Bank and against Paxton and the indemnity company, both jointly and severally, for the sum of $3,250, and that the plaintiff take nothing in its suit against R. L. Sholar. To this judgment the defendants Paxton and the American Indemnity Company duly excepted and gave notice of appeal to this court, and said cause is now before this court for review.

Error is assigned to the action of the court in overruling and not sustaining the general demurrer and certain special exceptions of the defendant Paxton to the affidavit of plaintiff controverting his plea of privilege.

The material allegations contained in the affidavit of plaintiff controverting defendant Paxton's plea of privilege are as follows:

"Now comes the First State Bank of Tatum, Texas, Plaintiff in the above entitled and numbered cause and controverts and answers the plea of privilege filed by the defendant Morton Paxton and says, the District Court of Rusk County has jurisdiction and should retain the right to finally dispose of this cause, because the cause of action asserted by plaintiff alleges and the proof will show that Morton Paxton, the defendant who filed the plea of privilege, committed fraud and defalcation in that he conspired with one of the other defendants to take and did take moneys and valuables belonging to the First State Bank of Tatum, Texas, all of which was done in Rusk County, Texas.

"Plaintiff would further show that the defendant Morton Paxton did in Rusk County, Texas, commit a trespass by converting moneys belonging to the First State Bank of Tatum, Texas, all of which was done in Rusk County, Texas.

"Wherefore plaintiff prays that this matter be set down for a day certain and that upon a hearing that the defendants' plea of privilege be not granted."

These allegations were challenged by general demurrer and special exceptions filed by the defendant Paxton, upon the ground said allegations attempted to allege as grounds for fixing venue in this suit in the district court of Rusk county are merely conclusions of the pleader and do not specifically allege any ground or any fact upon which the plaintiff would be entitled in law to predicate proof in contravention of defendant's plea and his right to change the venue.

■ It is a well-established and an unvariable rule that the facts upon which the plaintiff relies for venue must be specifically set out in his controverting affidavit. Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W. (2d) 495; Moore v. Investment Finance Co. (Tex. Civ. App.) 299 S. W. 324; Grogan-Cochran Lbr. Co. v. McWhorter (Tex. Civ. App.) 4 S.W.(2d) 995; Bender v. Kowalski (Tex. Civ. App.) 13 S.W.(2d) 201; Spencer v. Temple Trust Co. (Tex. Civ. App.) 36 S.W. (2d) 602–605. It is too clear to admit of any doubt that the allegations of facts contained in plaintiff's controverting affidavit are nothing more than conclusions of the pleader and therefore are insufficient to meet the requirements of the law. Wheeler v. Fronhoff (Tex. Civ. App.) 270 S. W. 887; Rector v. Evans (Tex. Com. App.) 288 S. W. 826.

The appellee in its brief has not undertaken to sustain the ruling of the court on the exceptions on the ground that they were sufficient, but it is insisted by the appellee that the language used in the controverting affidavit, to wit, "The cause of action asserted by plaintiff alleges, and the proof will show, that Morton Paxton, the defendant who filed the plea of privilege," etc., is a direct reference to plaintiff's original petition, therefore that the allegation of fact contained in the original petition will be considered to supply those omitted from the controverting affidavit.

■ It seems to be a well-settled rule that when the pleadings of the plaintiff are at-

tached to the controverting affidavit, or are referred to in such a way as to become a part of same, such allegations of fact contained in the petition, if sufficient, will meet the requirements of the law. Randals v. Green (Tex. Civ. App.) 258 S. W. 528. But under no construction placed upon the language used in the controverting affidavit in this case could it be held that it referred to the petition of plaintiff in such a way as to make it a part of the controverting affidavit. Jacobson v. Berwick (Tex. Civ. App.) 289 S. W. 1035.

██ Another ground asserted by appellee as constituting a waiver by appellant of its plea of privilege is that after the plea of privilege, and controverting affidavit were filed and before a hearing by the court on same, appellee, plaintiff in the lower court, filed the following motion: "Comes now the Tatum State Bank of Tatum, Texas, a banking corporation duly incorporated under and by virtue of the laws of the State of Texas and shows to the Court that it has succeeded to all the rights, assets and privileges of the First State Bank of Tatum, Texas, named as plaintiff herein, including the cause of action herein, and it prays that it be substituted and made the party plaintiff herein." And on the same date the court entered the following order granting said motion, to wit:

"It having been made known to the Court that the Tatum State Bank of Tatum, Texas, a banking corporation under and by virtue of the laws of the State of Texas, has succeeded to all the rights and assets of the former plaintiff, First State Bank of Tatum, Texas, and all defendants agreeing that said Tatum State Bank be substituted as the party plaintiff herein;

"It is ordered, adjudged and decreed that the said Tatum State Bank of Tatum, Texas, be and it is hereby substituted as the party plaintiff herein, instead of the former plaintiff, First State Bank of Tatum, Texas."

It is contended by appellee that since the appellant, as shown by the above order, agreed to the substitution of the party plaintiff, he thereby waived his plea of privilege. With this contention this court does not agree. As we understand the rule of substitution of parties, it was in the discretion of the court to allow the motion of appellee to substitute the Tatum State Bank of Tatum for the First State Bank as plaintiff without any notice to the defendants and without hearing any evidence whatever. If we are correct in this, it would be rather a harsh holding indeed to say that appellant lost so valuable a right as the right to be sued in the county of his residence by simply agreeing to such an order.

Because of the conclusions reached that the court erred in overruling the demurrer and special exceptions of defendant Paxton to plaintiff's controverting affidavit, the judgment of the trial court will be reversed, and the cause remanded.