## CHICAGO BRIDGE & IRON CO. v. BAILEY.
### No. 2146.

Court of Civil Appeals of Texas. Beaumont.
Nov. 19, 1931.

Wallace, Taylor & Vickrey, of Dallas, and W. T. McNeill, of Beaumont, for appellant.

D. E. O'Fiel and O. M. Lord, both of Beaumont, for appellee.

WALKER, J.

This was a tort action filed in the district court of Jefferson county by appellee against appellant, to which appellant answered by plea of privilege to be sued in Dallas county. Appellee replied by the following controverting affidavit:

"Now comes W. C. Bailey, plaintiff in the above entitled and numbered cause, and controverts the plea of privilege of the said Chicago Bridge and Iron Works, defendant herein, and says that he has good reason to believe, and does believe, and so alleges, that defendant's said plea is incorrect, and that this court has venue of this cause and of the person of this defendant on the following grounds and reasons, to-wit:

"1. Because the defendant, at the time of the institution of this suit was a private corporation and had a local office and place of business and has in fact now a local office and agent in charge of its affairs in Jefferson County, Texas.

"2. Because the plaintiff's cause of action out of which this suit grows originated in Jefferson County, Texas and the injuries inflicted upon him and the negligent acts of the defendant complained of by plaintiff occurred and took place in Jefferson County, Texas.

"3. Because the defendant at the time of the institution of this suit and up to this present time has an agency and has a representative in Jefferson County, Texas.

"Wherefore, plaintiff prays that the defendant be served with a copy of this plea as required by law in such cases, and that after hearing of said plea of privilege by the court, the same be in all things overruled."

Upon due submission the plea of privilege was overruled, from which order this appeal was prosecuted.

We sustain appellant's proposition that the controverting affidavit was insufficient, under article 2007, Revised Civil Statutes, which provides that the controverting affidavit shall set out "specifically the fact or facts relied upon to confer venue of such cause on the court where the case is pending." That appellant was a corporation, as alleged by appellee, is admitted by appellant. It was also alleged that it had a "local office and agent in charge of its affairs in Jefferson County, Texas," and an agency and representative in Jefferson county, Tex. But there was no proof to sustain these allegations. Therefore the sufficiency of the controverting affidavit must be determined by its second paragraph that "the plaintiff's cause of action out of which this suit grows originated in Jefferson County, Texas, and the injuries inflicted upon him and the negligent acts of the defendant complained of by plaintiff occurred and took place in Jefferson County, Texas." As appellee did not make his petition a part of his controverting plea, the allegations of the petition cannot be looked to in support thereof. This denies appellee's counter proposition that the allegation, "complained of by plaintiff," was sufficient to make his petition a part of his controverting affidavit. In Grogan-Cochran Lumber Co. v. McWhorter, 4 S.W.(2d) 995, 997, we held that the statement that appellee's cause of action was as pleaded in full in plaintiff's petition filed in this cause was insufficient to make the petition a part of the controverting affidavit. We said, on this issue, "The affidavit must adopt the terms of the petition, either by reference or as an exhibit." Clearly, under that proposition of law, appellee's controverting affidavit cannot be aided by the petition. See, also, Jacobson v. Berwick (Tex. Civ. App.) 289 S. W. 1035, 1037, and Lawless v. Tidwell (Tex. Civ. App.) 24 S.W.(2d) 515.

■ By the second paragraph of the controverting affidavit, manifestly appellee was attempting to plead a trespass. Under Lawless v. Tidwell, just cited, and Perry v. Wood (Tex. Civ. App.) 25 S.W.(2d) 650, the affidavit was insufficient to state that cause of action. To allege a trespass it is necessary to plead facts not only showing that the injury complained of was caused by the negligence of the defendant, but also that the negligence was an affirmative act and not a mere omission to perform a duty. The allegations that appellee's cause of action "originated in Jefferson County," is a mere legal conclusion, and, standing alone, is insufficient to confer venue in Jefferson county. Hudgins v. Hansbro (Tex. Civ. App.) 11 S.W.(2d) 607; Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.(2d) 495; Smith v. Abernathy (Tex. Civ. App.) 6 S.W.(2d) 147. There is no allegation in the controverting affidavit that "the negligent acts of the defendant" were affirmative acts, as distinguished from mere omissions to perform a duty.

It follows that the trial court erred in overruling the plea of privilege. It is therefore ordered that the judgment of the lower court be reversed, and the cause remanded to the trial court, with instructions to sustain the plea of privilege and to transfer this cause to the district court of Dallas county.