### BENEDUM v. JOHN WOODLEY, Inc., et al.
### No. 2238.

Court of Civil Appeals of Texas. Beaumont.
May 25, 1932.

Rehearing Denied June 1, 1932.

Cary M. Abney, of Marshall, and Adams & McAlister, of Nacogdoches, for appellant.

Seale & Thompson, of Nacogdoches, for appellees.

O'QUINN, J.

This is an appeal from an order overruling appellant's plea of privilege to be sued in Bexar county, the county of his residence. Appellee sued appellant Darwin Benedum and M. L. Benedum to recover on a written contract to drill an oil well in Nacog-

doches county, Tex., alleging that appellant, Darwin Benedum, resided in Bexar county, Tex., and defendant M. L. Benedum resided in Pittsburg, county of Allegheny, state of Pennsylvania.

Appellee alleged that about April 4, 1931, it entered into a written contract with appellant, Darwin Benedum, wherein it obligated itself to drill for said Benedum an oil well in Nacogdoches county, Tex., to a depth of 4,000 feet, and that appellant agreed to pay it the sum of $5.50 per lineal foot to a depth of 4,000 feet, together with $6.25 per hour for each hour of work done in coring, reaming, and pulling casings. That it performed its contract and completed the boring of said well, and that there was the sum of $12,818.75 due and unpaid. The written contract was made a part of the petition.

Appellant filed his plea of privilege to be sued in the county of his residence, which was admitted to be Bexar county. Thereupon appellee filed the following controverting affidavit, omitting formal parts, viz:

"Comes now John Woodley, Inc., plaintiff in the above styled and numbered cause, acting by and through its president, John Woodley, and controverts the plea of privilege of Darwin Benedum, defendant herein, and says:

"1. That he has good reason to believe and does believe, and so alleges, that defendant's plea of privilege is incorrect and that this court has venue of this cause and of this defendant on the following grounds and for the following reasons, to-wit:

"Under subdivision 5 of article 1995, Revised Civil Statutes of Texas, which provides as follows:

" 'If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile.'

"Therefore, under said section of Article 1995, this court has venue and jurisdiction of this cause in that the suit is based upon a written contract performable in the County of Nacogdoches, State of Texas, as is fully shown in plaintiff's original petition, and that therefore, this court has jurisdiction and venue is properly in the district court of Nacogdoches County, Texas."

Appellant excepted to the controverting af-

fidavit as insufficient because it did not allege any fact or facts that would confer jurisdiction upon the court to hear the cause, but that said controverting affidavit merely stated the conclusions of the pleader.

The exception is well taken. The law, article 2007, R. S. 1925, says: "If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, *setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending.*" (Italics ours.)

This requires that the controverting affidavit shall itself contain allegations of the facts which are claimed to confer jurisdiction on the court where the suit is filed, or, at the very least, to refer to and make a part of the controverting plea the petition in which the allegations are made, or attach the petition to the controverting plea as an exhibit with reference thereto for that purpose. Penix v. Davis (Tex. Civ. App.) 265 S. W. 718; Murphy v. Dabney (Tex. Civ. App.) 208 S. W. 984; Jacobson v. Berwick (Tex. Civ. App.) 289 S. W. 1035; Gholson v. Thompson (Tex. Civ. App.) 298 S. W. 318; Hudgins v. Hansbro (Tex. Civ. App.) 11 S.W.(2d) 607; Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.(2d) 495; Lawless v. Tidwell (Tex. Civ. App.) 24 S.W.(2d) 515; Duvall v. Boyer (Tex. Civ. App.) 35 S.W.(2d) 181; Spencer v. Temple Trust Co. (Tex. Civ. App.) 36 S.W.(2d) 602; Paxton v. Bank (Tex. Civ. App.) 42 S.W.(2d) 837; Chicago Bridge & Iron Co. v. Bailey (Tex. Civ. App.) 44 S.W.(2d) 452. The controverting affidavit did not refer to and make part of same the petition of appellee, nor was the petition attached to said controverting affidavit, nor did it contain allegations of any fact that would show venue in the county where filed. It was clearly insufficient.

For the reasons above indicated, the judgment is reversed, and the cause remanded, with instructions to the trial court that the cause be transferred to the district court of the Thirty-Seventh judicial district of Bexar county, Tex., it appearing that said county embraces and includes the Thirty-Seventh, Forty-Fifth, Fifty-Seventh, Seventy-Third, and Ninety-Fourth judicial districts of Texas; and it is so ordered.