## FIDELITY UNION CASUALTY CO. et al. v. BORDEN et al.

### No. 9963.

Court of Civil Appeals of Texas. Galveston.
April 29, 1933.

Houston & Johnson, of Dallas, for appellants.

Allen, Helm, Jacobs & Settegast, of Houston, for appellees.

PLEASANTS, Chief Justice.

This appeal is from an interlocutory judgment of the court below overruling pleas of privilege filed by appellants in a suit brought by appellees against them and other named defendants.

The following sufficient statement of the nature and result of the proceedings from which the appeal is prosecuted is copied from appellants' brief:

"Appellees, A. P. Bordon and wife, brought this suit against appellants Fidelity Union Casualty Company, a corporation, and M. F. Granville and two other individuals, to recover damages for personal injuries to Mrs. Borden and damage to their automobile, suffered in an automobile collision occurring in Fort Bend County on or about April 11, 1930. It was alleged that the negligence of Granville in operating the automobile occupied by himself and the other two individuals was the proximate cause of the damages, which appellees alleged amounted to $45,000.00. Recovery was sought from Granville and his two companions on the theory of legal liability for tort. Appellant Fidelity Union Casualty. Company was sued upon the allegation that it had issued a policy of insurance, covering the automobile operated by Granville, under the terms of which it was liable directly to plaintiffs, or any other persons injured through the operation of the said automobile, for the damages they had sustained, that is, that while the policy was issued to Granville, or constituted a contract with him, it was written for the benefit of people in the situation of plaintiffs and accorded to them a direct and present right of action.

"Granville and the other two individual defendants, all of whom resided in Fayette County, filed their pleas of privilege to be sued in that county.

"Appellees dismissed as to the other two individuals and it will not be necessary to refer to them further.

"Appellant Fidelity Union Casualty Company filed its plea of privilege to be sued in Dallas County, the county of its corporate domicile.

"Appellees filed their controverting affidavits repeating the allegations of their petition and seeking to hold venue in Fort Bend County both as to Granville and Fidelity Union Casualty Company. The principal theory on which venue was claimed as to Granville was that his negligence in operating the automobile in the particulars alleged constituted a trespass committed in Fort Bend County. Venue as to appellant

Fidelity Union Casualty Company was sought to be held on two grounds: First, that it was a private corporation and that appellees' cause of action against it on the policy of insurance, or a part thereof, arose in Fort Bend County, and, second, that it was an accident insurance company and that appellees' cause of action against it on the policy being for a loss covered by the policy, regarded as a policy of accident insurance, the suit was properly maintainable in the county where the accident occurred.

"The court heard the evidence on the issues thus joined, including the policy of insurance issued by appellant, which was admitted in evidence over appellant's objection, and at the conclusion thereof found, among other things, that appellees' suit against Granville was a suit founded upon a trespass committed by Granville in Fort Bend County, that appellant Fidelity Union Casualty Company was a private corporation incorporated under chapter 18 of title 78 of the Revised Statutes of 1925 and was an accident insurance company, that it had, in effect, issued a policy of insurance to Granville insuring him 'against loss from the liability imposed by law upon the assured for damages on account of bodily injury * * * accidentally suffered or alleged to have been suffered by any person or persons * * * as a result of the ownership, maintenance or use for the purposes described in declaration 8 of any automobile described in declaration 7,' that said policy also covered damage done to property, and that a part of the cause of action relied on by appellees, namely, the negligence of Granville and the resulting injuries and damage arose in Fort Bend County.

"Upon these findings the court concluded that venue was properly laid in Fort Bend County as to appellant Fidelity Union Casualty Company under subdivision 23 of article 1995, providing that a private corporation may be sued in any county where the cause of action or a part thereof arose, and under subdivision 28 of article 1995, providing that a suit against an accident insurance company on a policy of accident insurance may be brought in any county wherein the loss covered by the policy occurs."

The policy which was introduced in evidence, over appellant's objection that it was not, as alleged in plaintiffs' pleading, a contract binding appellant to pay plaintiffs the damages claimed by them, is clearly a policy of indemnity only, in favor of and payable to the defendant Granville, except for the following provision contained in the policy: "E. The insolvency or bankruptcy of the named assured shall not release the company from the payment of damages for injuries sustained or loss occasioned during the term of this policy; and in case execution against the named assured is returned unsatisfied because of such insolvency or bankruptcy

in an action brought by the injured or his or her personal representative, in case death results from the accident, then an action may be maintained by the injured person or his or her personal representative against the company under the terms of this policy for the amount of the judgment in said action not exceeding the limits herein expressed."

The allegations of plaintiffs' pleadings negative any cause of action in them against appellant under this provision of the policy. Plaintiffs' suit is not brought to recover damages for death caused by injuries negligently inflicted by the insured, nor is there any allegation in the petition that the insured, Granville, is insolvent, which would be a necessary element of their cause of action if the suit had been to recover damages for death caused by the insured. It seems clear to us that plaintiffs have wholly failed to show a prima facie cause of action against appellant, and such showing must be made before a defendant can be required to defend a suit brought against him outside of the county of his residence. Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.(2d) 495; Hanson v. Haymann (Tex. Civ. App.) 280 S. W. 869; Owens v. Jackson-Hinton Gin Co. (Tex. Civ. App.) 217 S. W. 762; Cuellar v. Moore (Tex. Civ. App.) 55 S.W.(2d) 244; Ray v. Moxon (Tex. Civ. App.) 56 S.W.(2d) 469.

In the recent case of Ray v. Moxon, supra, the Amarillo Court of Civil Appeals, in an exhaustive and valuable opinion by Justice Martin, discusses the confusion and apparent conflict in some of the decisions of our Courts of Appeals on the question of joinder of the insurance company under a policy of this kind in a suit for damages for injury to person or property caused by the negligence of the insured, and we think clearly demonstrates that such conflict no longer exists.

Having reached the conclusion that appellees have failed by the pleadings and evidence to show a prima facie cause of action against the appellant insurance company, it is unnecessary for us to discuss and decide the other questions presented affecting the venue of the suit against that appellant.

The appellant Granville has filed no brief, and in determining the merits of his appeal we can only look for fundamental error appearing upon the face of the record. We find no such error. The trial court found from the evidence that the injury and damage for which plaintiffs sue was caused by violent and negligent operation of the automobile driven by Granville, and that such negligence was a trespass committed upon plaintiff Mrs. Borden in Fort Bend county. This fact finding was sufficient to give venue of plaintiffs' suit to the court below, and requires an affirmance of the judgment as to appellant Granville.

The judgment as to the appellant insurance company is reversed and remanded to the trial

court, with instruction to transfer the suit against that appellant to Dallas county.

Affirmed in part.

Reversed and remanded, with instructions, in part.