**PHŒNIX REFINING CO., Inc., v. NICHOLS.**

No. 9522.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 13, 1935.

Rehearing Denied March 13, 1935.

Russell & Beaucaire, of San Antonio, for appellant.

L. J. Freeman, of Beeville, for appellee.

BICKETT, Chief Justice.

This is an appeal by Phœnix Refining Company, Inc., from a judgment of the district court sustaining the plea of privilege of C. F. Nichols to be sued in the county of his residence, Refugio county, Tex. Appellant relied upon article 1995, subd. 5, Revised Statutes of Texas (1925), to sustain the venue of the case in Bexar county. The correctness of the order depends upon the sufficiency of the controverting plea filed by appellant to show a promise in writing to pay in Bexar county.

The allegations of the controverting plea were in general terms and did not specifically set out the facts. The first allegation was that the venue was properly laid in Bexar county, "in that the defendant thru its duly authorized servants agents and employees namely J. H. Newton, A. J. Conn, J. B. McKeown, as well as defendant himself, contracted in writing to pay this plaintiff for the several matters of goods, wares, merchandise, materials and supplies, specified in the account sued on and attached to the plaintiff's petition, at plaintiff's office in San Antonio, Bexar County, Texas." The remaining allegation was: "Plaintiff says that, if it is mistaken in the foregoing allegations that the said servants, agents and employees duly authorized of the defendant contracted to pay such account in Bexar County, Texas, then that such duly authorized servants, agents and employees of the defendant C. F. Nichols thru a long and continued course of dealings between the parties plaintiff and defendant, * * * executed receipts for each item of goods, wares and materials and supplies, * * * and that such receipt is in writing and provides substantially that payment for such goods, wares and merchandise, etc., should be made in San Antonio, Bexar County, Texas, and in some instances at plaintiff's main office which is San Antonio, Bexar County, Texas, * * * that the defendant herein held such persons out as his agents authorized to accept delivery of such goods wares and merchandise, knowing of plaintiff's said custom and that therefore the acceptance of such goods, wares and merchandise by such party and their promise on behalf of the defendant to pay therefor in San Antonio, Bexar County, Texas, was within the apparent scope of their authority, if not within the actual scope of their authority, the defendant herein is bound by their acts and such contract in writing to so pay for such goods, wares, and merchandise at San Antonio, Bexar County, Texas, that such contract was and is the defendant's contract and that

therefore this court has venue of this action * * *."

The controverting plea must set out specifically the facts relied upon to confer venue of the case on the court where it is instituted. The controverting plea in this case does not meet the test fixed by the statute and recognized by the decisions. Article 2007, Revised Civil Statutes of Texas (1925); Bender v. Kowalski (Tex. Civ. App.) 13 S.W.(2d) 201; Benedum v. John Woodley, Inc. (Tex. Civ. App.) 50 S.W.(2d) 493; Ryan v. Johnson (Tex. Civ. App.) 284 S. W. 652.

The judgment is affirmed.