### SNYDER et al. v. KING CANDY CO.
### No. 13266.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 15, 1935.

Mark Callaway, of Brownwood, for appellants.

Robert C. Carson and W. A. Hawkins, both of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

This suit was instituted in the county court of Tarrant county by the King Candy Company against I. B. Burns, Dr. Ned Snyder, and N. Wooldridge, alleged to reside in Brown county, to recover the sum of $269.54 on account for goods sold by plaintiff to I. B. Burns and payment therefor guaranteed by the other two defendants by their written contract with plaintiff before the sales, and but for which contract the goods would not have been sold.

Defendants Snyder and Wooldridge filed their pleas of privilege to be sued in the county of their residence, which were in statutory form.

Plaintiff then filed a controverting affidavit to which defendants addressed a general demurrer and certain special exceptions, which the court overruled. And after hearing evidence, the pleas of privilege were overruled. Defendants Snyder and Wooldridge have appealed.

Allegations in plaintiff's petition of facts showing liability of the defendants for the debt sued for were not carried forward in the controverting affidavit, nor was the petition referred to and made a part of the affidavit. The controverting affidavit was, in substance, that defendants Snyder and Wooldridge were liable to plaintiff on their contract of guaranty with no allegations showing a right of action against I. B. Burns, the purchaser of the goods, and whose debt therefor was covered by the contract of guaranty.

Article 2007, Rev.Civ.St. provides: "If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to

confer venue of such cause on the court where the cause is pending."

The rule is well settled that under that statutory provision the controverting affidavit must embody allegations which show a right of action independently of the allegations in plaintiff's petition, or else the allegations in the petition must be expressly referred to and adopted as a part of the controverting affidavit. Manifestly, the controverting affidavit mentioned above falls far short of that requirement, and the pleas of privilege should have been sustained. Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.(2d) 495; Gordon v. Hemphill (Tex.Civ.App.) 80 S.W.(2d) 394; Phœnix Ref. Co. v. Nichols (Tex.Civ. App.) 80 S.W.(2d) 477. Accordingly, the order of the trial court overruling those pleas of privilege is reversed and those pleas are hereby sustained. And this cause will be remanded to the trial court with instructions to its clerk to make up a transcript of all the orders made in said cause, including this order, certifying thereto officially under the seal of said court, and send it with the original papers in the cause to the clerk of the county court of Brown county, Tex., to which the venue of this cause is hereby changed. Article 2020, Rev. Civ.St.