### H. F. RICHARZ v. STEPHEN WOLCKEN.

Plaintiff sued on .a written undertaking of the defendant to pay him two hundred dollars, on condition that the plaintiff would settle a certain ,lawsuit of a third party against the defendant, or ,on the alternative condition that the defendant should recover a judgment in the law suit which would free him of all damages and costs. Plaintiff alleged that the defendant had recovered a judgment in the suit, which freed him of all damages and costs. *Held*, that the instrument not being under seal, and not being a bill of exchange or promissory note, negotiable by indorsement or delivery, it was not such an instrument as implied a consideration ; and as no consideration was expressed on its face, it was necessary for the plaintiff to aver and prove a good or valuable consideration in order to maintain his action. Had he averred and proved that he had settled the law suit, or that it was by his services that defendant had recovered the judgment, then a cause of action would have been established ; but the mere recovery of the judgment by the defendant himself was no consideration for the promise to the plaintiff.

APPEAL from Medina. Tried below before the Hon. E. F. Buckner.

The opinion discloses the case.

*C. Upson*, for the appellant.

No brief for the appellee has reached the hands of the Reporter.

OGDEN, J.—The appellee instituted suit in the district court against the appellant, and recovered a judgment on the following written instrument:

"SAN ANTONIO, the second of April, 1857.

"Hereby I promise to pay the sum of two hundred and fifty dollars to Stephen Wolcken of San Antonio, on condition that the said Wolcken will settle the law suit, Fr. Oppermann v. H. F. Richarz, to my satisfaction, or in the case that I should obtain a

judgment in my favor, which makes me free of all damages and costs, except them of my defenders; and the above amount shall be paid out of the purchasing money for my house and lot in San Antonio, to be sold by Fr. Oswald or the said St. Wolcken.

　　　(Signed.)　　　　　　　　" H. F. Richarz."

The above contract is neither an instrument under seal, nor a bill of exchange, or a promissory note, negotiable by endorsement or delivery, nor is it admitted in the instrument that it is made for a valuable consideration. But it is a simple contract to pay a certain sum of money on one of two conditions mentioned. It is not, therefore, such an instrument as would imply a good or valuable consideration, and the party who would enforce the payment of money under it must allege and prove a consideration. One of the conditions specified in the instrument is that Wolcken will settle a certain law suit, then pending in the district court, to the maker's satisfaction. But the plaintiff below did not allege or prove that he had settled the lawsuit specified as a condition precedent to entitle him to recover, nor does he base his right to recover on that ground. But he alleges that the defendant had obtained a judgment in his favor in the suit specified in the instrument sued on, and that therefore he was entitled to recover. Considering the instrument sued on in the light of the allegations in the plaintiff's petition, we do not hesitate to declare it 'a mere gratuitous promise, without consideration, and therefore void. Had the plaintiff alleged and proven, that the defendant obtained the judgment in the District Court of Bexar county, through his advice, assistance, or money, then, perhaps, he might have claimed, with some show of law and equity, the fulfillment of the promise in the instrument under which he claims. But under his allegations and the proof, he shows a promise unsupported by any consideration whatever, and this court is not inclined to make for a plaintiff, by construction or presumption, a better cause than he has made for himself in his pleadings. On the trial of the cause be-

low, a jury was waived, and the cause submitted to the court, and this court will therefore proceed to render such a judgment as should have been rendered in the district court. The judgment is reversed and the cause dismissed at appellee's cost.

Reversed and dismissed.