GANN et al. v. PHILLIPS. (No. 10904.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 20, 1924.)

1. Vendor and purchaser ⬥═◎265(5)—Effect of release of portion of land subject to vendor's lien, stated.

Assignee of vendor's lien notes who releases lien on portion of land sold by purchaser, with notice that other portions have previously been sold to other parties, giving such other parties equitable right to require satisfaction of lien out of land in inverse order of alienation thereby releases portions previously sold in the order of their several liabilities to extent of value of parcel released.

2. Vendor and purchaser ⬥═◎265(5)—Recordation of deeds of portions of land subject to vendor's lien or possession of grantees not notice to assignee of conveyances.

Recordation of deeds of portions of land subject to vendor's lien under Rev. St. art. 6842, or possession by grantees, did not constitute notice to assignee of vendor's lien notes of equities of respective grantees, and hence his release of land last sold did not discharge portions previously sold.

3. Vendor and purchaser ⬥═◎279—Purchaser of portion of land after release of vendor's lien thereon held necessary party in action to foreclose lien against purchasers of other portions.

In action by assignee of vendor's lien notes to foreclose lien against grantees of portions of land subject to lien, third person who purchased portion of land last sold after assignee had released lien thereon *held* a necessary party, in view of issue as to whether such release was without consideration and therefore void.

4. Parties ⬥═◎53—Court may of its own motion stay proceedings until additional parties are made parties to suit.

Where it is found in the development of the case that additional parties are necessary in order to properly adjust equities and prevent multiplicity of suits, the court of its own motion may and will stay proceedings until such additional parties are made parties to the suit.

Appeal from District Court, Eastland County; George L. Davenport, Judge.

Action by Jack Phillips against L. Gann and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded, with directions.

Burkett, Orr & McCarty, of Eastland, for appellants.

Turner & Seaberry and Frank Judkins, all of Eastland, for appellee.

CONNER, C. J. On March 11, 1918, John, Mabel, and Paul Chastain were owners of a part of block D–2 in the town of Eastland, and on that day sold the same to Joe Burkett and J. A. Russell, and received as part of the purchase money two promissory notes for the sum of $1,000 each, and to secure which a vendor's lien was retained. The notes referred to were duly assigned to the appellee, Jack Phillips, on the 15th day of June, 1918, and the transfer was duly recorded on January 23, 1919. The parcel of land involved was rectangular in form, extending some 200 feet north and south by 200 and some feet east and west. On June 19, 1918, Burkett and Russell sold off of the north side of the parcel a frontage of 50 feet, extending to the east line of the parcel, to W. S. Poe. Poe assumed his one-half of each of the two notes and took possession and made improvements immediately. Later, to wit, on January 28, 1919, Poe sold to L. Gann the tract that had been purchased by him and just described. Gann assumed the payment of one-half of the two notes referred to, went into possession, and on February 8, 1919, caused his deed to be duly recorded.

Burkett and Russell, on the 5th day of August, 1918, conveyed another parcel of the original tract to a Mrs. A. M. De Shazo, consisting of a portion of the block extending from the southwest corner of said block north 150 feet, thence east some 80 feet, thence south to south line of the block, thence west to place of beginning. Mrs. De Shazo also went into possession and made improvements and caused her deed to be duly recorded on August 5, 1918. Yet later, Burkett and Russell duly conveyed to one J. T. Earnest the unsold portion of the block owned by them, beginning 80 feet east of the southwest corner and extending north 150 feet, thence east 70 feet and south to the south line, and west to the place of begin-

---

ning. These several parcels, for convenience, will be designated as lots 1, 2, and 3 in the order of their transfer; lot 1 being owned by Gann, lot 2 by the heirs of Mrs. De Shazo, and lot 3 by Earnest.

Appellee Jack Phillips, on May 13, 1922, instituted this suit against Joe Burkett, J. T. Russell, and Mrs. De Shazo by a petition, the first count of which was in the form of trespass to try title to recover the lands acquired by Burkett and Russell; and in the second count, in the alternative, to foreclose his vendor's lien upon the whole. The parties named all appeared. Earnest was not made a party by either the plaintiff or any of the defendants. Russell was alleged to be insolvent and so found by the court, and, hence he, also, was not before the court. The others named, however, Burkett, Gann, and the heirs of Mrs. De Shazo, who in the meantime had departed this life, filed pleadings, in effect, reciting the several conveyances by Burkett and Russell, hereinabove mentioned, and alleging that the plaintiff, Jack Phillips, had duly released his lien upon lot 3, conveyed to Earnest; that said lot was in value largely in excess of plaintiff's claim, and hence that defendants in equity should be discharged, it being their right to have plaintiff's deed and lien discharged out of the land in the inverse order of its alienation. The plaintiff, by supplemental petition, replied that the release to Russell was without consideration and without notice of the transfers and rights under which the defendants claimed.

The trial was before the court without a jury, and judgment was rendered for plaintiff for his debt, interest, and attorney's fee as provided, for in the note declared upon against Joe Burkett, the maker, with foreclosure of the vendor's lien against the heirs of Mrs. De Shazo and L. Gann, with direction that the De Shazo land should be first sold and that only in the event of a deficiency should the land of defendant Gann be sold. The defendant Gann was also given a judgment against his codefendant Poe upon the warranty in his deed for any sum he might be required to pay. To which judgment the defendants excepted and have duly appealed to this court.

The court filed his written conclusions of fact and law, reciting, in so far as necessary to state, the facts hereinbefore substantially given, and further that the release of the lien upon lot 3, the Earnest tract, had been procured from the plaintiff Phillips on January 24, 1919, under the following circumstances: That Russell represented to the plaintiff at the time that he and Joe Burkett had an opportunity to sell a portion of the land, describing the parcel they so desired to sell as that portion we have hereinbefore described as lot 3, which belonged to J. T. Earnest; that plaintiff executed the release without consideration and wholly as a matter of accommodation, believing that the remainder of the tract would be ample security for the payment of plaintiff's note, and that the balance of the land would not be affected by the release to the lot upon which the release had been executed; that at the time of said request and execution of release, the plaintiff did not know that Russell and Burkett had sold any part of the land covered by the vendor's lien; "that he had no actual notice of the occupancy of any part of said tract of land, but relied upon the statement of the said Russell that no part of the said land had been sold and that the remaining portion should he release that part requested by the said Russell would be ample security for his debt, and that his lien would not in any wise be affected by releasing that portion of land requested by the said Russell." The court further found that—

"Burkett and Russell had conveyed to J. T. Earnest by general warranty deed, covering the tract (lot 3) which was prior to the execution of the release mentioned, but that the same had not been recorded to that date, and was not filed for record until the 27th day of January, 1919."

The defendants, appellants here, do not question the existence of plaintiff's debt and lien as declared upon, but insist as among themselves upon the equitable doctrine of having the parcels of land conveyed by Burkett and Russell sold and the proceeds thereof applied to the liquidation of plaintiff's indebtedness in the inverse order of their sale, and further insist that by the release of plaintiff's lien upon the Earnest tract, which was of value greater than the amount of plaintiff's indebtedness, they have been entirely released.

The general principle involved is thus stated in 18 R. C. L. p. 468, par. 17:

"Cognate to the principle of marshaling assets is the principle which compels a mortgagee or other lienor, when the land subject to the lien has been aliened in separate parcels successively, to satisfy his lien out of the land remaining in the grantor or original owner, if possible, and if that should be insufficient, to resort to the parcels aliened in the inverse order of their alienation. The right to have the lien satisfied by this method is an equity which each grantee has against the original owner and against all subsequent grantees. Thus, if there be a lien on three acres of land for a debt of the owner, and he sells one acre to A., the remaining two acres are first chargeable in equity with the payment of the debt whether the land be in the hands of the debtor himself or of his heirs. If he sells another acre to B., the remaining acre is then chargeable in the first instance with the debt as against B., as well as against A.; and if it should prove insufficient, then the acre sold to B. ought to supply the deficiency in preference to the acre sold to A.; because, when B. purchased, he took his land

chargeable with the debt in the hands of the debtor, in preference to the land already sold to A."

[1] The rule so stated is distinctly recognized and applied in the decisions of our own courts. But if in such case the lienholder with notice of the facts releases a parcel which is primarily liable, he thereby discharges or releases all those parcels which are subsequently liable, in the order of their several liabilities, from an amount of the lien debt equal to the value of the parcel released. See Watson v. Vansickle (Tex. Civ. App.) 114 S. W. 1160; Vansickle v. Watson, 103 Tex. 37, 123 S. W. 112; Wiggins v. Wagley (Tex. Civ. App.) 190 S. W. 736; Burson v. Blackley, 67 Tex. 5, 2 S. W. 668.

[2] Appellants insisted below, and insist before us, that the appellee had notice of their equities, and hence have been entirely discharged. This contention is predicated upon the fact that Poe, Gann, and Mrs. De Shazo and her heirs were in actual possession of their several parcels and had their conveyances duly recorded at the time of the execution of the release of the lien upon lot 3. Our registration statute, article 6842, Rev. Statutes, reads:

"The record of any grant, deed or instrument of writing authorized or required to be recorded, which shall have been duly proven up or acknowledged for record and duly recorded in the proper county, shall be taken and held as notice to all persons of the existence of such grant, deed or instrument."

As to this statute, however, our Supreme Court, in reviewing a case from this court, Leonard v. Benfford Lumber Co., 110 Tex. 83, 216 S. W. 382, had this to say:

"The literal terms of articles 6842 and 6857 would require that all persons be held to know what appears on the face of a duly recorded instrument. However, our statutes bear a settled construction, under which registration of an instrument carries notice of its contents only to those bound to search for it, among whom are subsequent purchasers under the grantor in the recorded instrument.

"Thus it is declared in Houston Oil Co. of Texas v. Kimball, 103 Tex. 108, 122 S. W. 540, that 'a purchaser is required to look only for conveyances made prior to his purchase by his immediate vendor, or by a remote vendor through whom he derives his title,' citing White v. McGregor, 92 Tex. 558, 50 S. W. 565, 71 Am. St. Rep. 875, wherein the court quote with approval the following language in Stuyvesant v. Hall, 2 Barb. Ch. 151, viz.:

" 'The recording of a deed or mortgage, therefore, is constructive notice only to those who have subsequently acquired some interest in or right in the property under the grantor or mortgagor.'

"To the same effect are Carlisle & Co. v. King, 103 Tex. 624, 626, 133 S. W. 241; Jenkins v. Adams, 71 Tex. 5, 8 S. W. 603; Taylor v. Harrison, 47 Tex. 456, 457, 26 Am. Rep. 304; Throckmorton v. Price, 28 Tex. 609, 91 Am. Dec. 334, and Carnes v. Swift, 56 S. W. 87."

[3] The record of deeds of Poe, Gann, and Mrs. De Shazo, and the subsequently recorded deed to Earnest, therefore, cannot be given the effect contended for by appellants in this case; nor do we think the fact that actual possession is more effective as notice than the records of the deeds. While it is true that it has been many times decided that possession of lands is notice to all the world of the rights claimed by the possessor, yet we think that such effect of possession can only rest upon those whose duty it is to inquire, as subsequent purchasers or lienholders, and that no such duty rests upon those holding a prior title or lien to follow up and take notice of the subsequent transfers from a vendee, and in this respect the appellee is in equally as favorable a position as would have been the vendors of Burkett and Russell, who subdivided the plot of land in question. The court found, as a fact, that appellee was without actual notice, which implies a finding that he was also without knowledge of any fact or circumstance which would put him upon inquiry as to rights of appellants or as to the fact that the plot of land had been subdivided and sold by Burkett and Russell. This being true, under ordinary circumstances we would feel required to affirm the judgment not only as against Gann, but also as against the heirs of Mrs. De Shazo, for even if it be true, as contended by one of appellants, that appellee, in his original petition, pleaded that Mrs. De Shazo had an equity and that the record shows an agreement to which appellee is a party, to the effect that he had knowledge of Mrs. De Shazo's purchase and possession prior to the execution of the release upon lot 3, yet, while as between the plaintiff and Mrs. De Shazo lot 2 would be released, it is to be remembered that the rights that we are called upon to consider are the equities existing between the several defendants in the case, and the mere agreement on the part of plaintiff cannot be given the effect, we think, of destroying those rights. To illustrate, if in fact, as the court found, appellee was without notice or knowledge of the conveyance or possession of Mrs. De Shazo or her heirs, the appellant Gann would have the right in equity as between him and the De Shazo heirs to have their lot first applied in satisfaction of appellee's debt before resort could be made to the tract owned by him. We say this would ordinarily be our holding; but we find, as already noted, that the parcel of land in controversy last conveyed was lot 3 to Earnest, and he has not been made a party, and as to him the court found that the release upon this lot was without consideration and executed prior to the time that Earnest purchased. If this be true, and no other ground for its enforcement exists, it

would follow that that lot, under the rule in equity already announced, must first be applied in the satisfaction of plaintiff's debt; for it is held that an instrument executed without consideration is of no effect. See Jones v. Holliday, 11 Tex. 412; Richarz v. Wolcken, 34 Tex. 103. But Earnest not being a party, he, of course, is not bound by the court's finding nor the judgment in this case. To properly adjust and dispose of the equitable rights of the defendants in the case, it would be necessary that Earnest be made a party to the suit, and for this purpose we think we must reverse the judgment and remand the cause for further proceedings. It is true that none of the litigants sought to make Earnest a party to the suit, nor was there any plea in abatement for a want of proper parties. Ordinarily, and at law, such request or plea would be required; but it is said that the plea in equity is of far more effective nature than at law and often applies where the objections would not at law have the slightest foundation. As said by Mr. Story on Equity Jurisprudence, vol. 3, p. 563, § 1981:

"The direct and immediate parties having a legal interest are those only who can be required to be made parties in a suit at law. But the courts of equity frequently require all persons who have remote and future interests, or equitable interests only, or who are directly affected by the decree, to be made parties; and they will not, if they are within the jurisdiction, and capable of being made parties, proceed to decide the cause without them. Hence it is that in courts of equity persons having very different and even opposite interests are often made parties defendant. It is the great object of courts of equity to put an end to litigation, and to settle if possible in a single suit, the rights of all parties interested or affected by the subject-matter in controversy. Hence the general rule in equity is, that all persons are to be made parties who are either legally or equitably interested in the subject-matter and result of the suit, however numerous they may be, if they are within the jurisdiction, and it is, in a general sense, practicable so to do."

See, also, Cotton v. Coit, 88 Tex. 414, 31 S. W. 1061; Oliver v. Robertson, 41 Tex. 422; Cook v. Pollard, 70 Tex. 723, 8 S. W. 512; Loller v. Frost, 38 Tex. 209.

[4] Where it is found in the development of the case that additional parties are necessary in order to properly adjust equities and prevent multiplicity of suits, the court of its own motion may and will stay proceedings until such additional parties as are necessary are made parties to the suit. Latham v. Tombs, 32 Tex. Civ. App. 270, 73 S. W. 1060; Ship Channel Co. v. Bruly, 45 Tex. 6.

It is accordingly ordered that the judgment be reversed and the cause remanded for further proceedings not inconsistent with our holding herein; the costs of appeal to be taxed against appellants.