**BURGESS et al. v. ADAMS et al.   (No. 8664.)**

(Court of Civil Appeals of Texas.   Galveston. April 9, 1925.)

**1. Venue 🔑15 — Cross-complaint by single defendant, against nonresidents of county, subject to plea of privilege.**

Where resident defendant was sued alone, cross-action by him against nonresidents *held* not within exceptions of Rev. St. arts. 1830, 2308, and therefore plea of privilege of defendants to cross-action should not have been overruled.

**2. Venue 🔑74—Defendant cross-complaining against nonresidents may select county for transfer on plea of privilege.**

Defendant who has brought cross-action against residents of different counties may choose to which of those counties suit shall be transferred, on their plea of privilege; but, on declining to make such selection, his suit must be dismissed.

Appeal from Harris County Court; Roy F. Campbell, Judge.

Suit by G. P. Burgess against Don H. Adams, in which defendant filed cross-bill against G. P. Burgess and another. Judgment for plaintiff against defendant first named, and for defendant first named on his cross-complaint against G. P. Burgess and another, and the latter appeal. Reversed and rendered.

Gill, Jones & Tyler, of Houston, and Saner, Saner, Turner & Rodgers, of Dallas, for appellants.

PLEASANTS, C. J. The suit, in which the judgment from which this appeal is prosecuted was rendered, was brought in the justice court for precinct No. 1 of Harris county, by F. S. Glover against Don H. Adams, to recover the sum of $125, claimed to be due the plaintiff by the defendant for rent of a building in the city of Houston. The defendant Adams answered by general demurrer and general denial and filed a cross-bill against G. P. Burgess and C. E. Gustafson, copartners, in which it is alleged that Adams sold out the business he was conducting upon the premises in question to the defendants Burgess and Gustafson, and that they agreed to assume and pay the future rent to Glover as long as they occupied the premises. To this cross-action of the defendant Adams, the defendants Burgess and Gustafson first filed a plea of privilege, pleading their right to be sued upon this cross bill, if at all, in Dallas county, the residence of the defendant Burgess, or Kerr County, the residence of the defendant Gustafson.

In answer to this plea defendant Adams filed the following controverting affidavit:

"That this is a suit by the plaintiff F. S. Glover against the defendant Don H. Adams, who is a resident citizen of precinct No. 1, Harris county, Tex., in which suit this defendant has filed a cross-action against the defendants C. E. Gustafson and J. P. Burgess, and this defendant Don H. Adams prays the court that in the event plaintiff should recover anything herein against this defendant, that then in such event this defendant should have judgment over and against the defendants C. E. Gustafson and J. P. Burgess, for any amount for which judgment might be recovered against this defendant by the plaintiff; that this suit was properly brought in the justice court of precinct No. 1, in Harris county, Tex., because the defendant Don H. Adams is a resident citizen of precinct No. 1, Harris county, Tex., in accordance with articles 1830 and 2308 of the Revised Statutes of the State of Texas—all of which this defendant is ready to verify."

The plea of privilege was overruled, and thereafter defendants Burgess and Gustafson filed a plea in abatement on the ground of misjoinder of parties and causes of action. The plea in abatement was also overruled. The trial in the justice court upon the merits resulted in a judgment in favor of the plaintiff against the defendant Adams, and a judgment in favor of Adams on his cross-bill against appellants for the amount of plaintiff's judgment against him.

On appeal and trial de novo in the county court at law, judgment was again rendered in favor of Adams against appellants, from which judgment this appeal is prosecuted.

[1] Appellants seek a reversal of this judgment solely upon the ground of error in the ruling of the court upon their pleas of privilege.

The first proposition presented in their brief is as follows:

"Where a nonresident defendant is not sued jointly by the plaintiff with a resident defendant residing in the county where the suit is filed, a cross-action by the resident defendant against a nonresident defendant does not come within one of the exceptions as to venue, expressed in articles 1830 and 2308 of the Revised Civil Statutes of the State of Texas, and it is error for the court to overrule a plea of privilege as against such cross-action of such resident defendant when properly presented by the nonresident defendant."

The proposition correctly states the law applicable to the question presented by the record, and must be sustained.

The plaintiff in the suit asserted no cause of action against the appellants, and the suit against them by the defendant Adams, regardless of whether it was properly joined with plaintiff's suit against him in so far as the question of venue is concerned, must be considered as an independent suit, and obviously, when so considered, can only be maintained over defendants' objection in the county of the residence of one of them. Section 4, art. 1830, Vernon's Sayles' Statutes.

If it be conceded that under our liberal rule relating to the joinder of causes of action appellees' suit against appellants was properly joined with the suit brought against them by Glover, such joinder which, if permissible, would be so only on the ground of convenience and the prevention of a multiplicity of suits, would not defeat appellants' statutory right to be sued in the county of their residence or in that of the residence of one of them. Gladish v. Neeley (Tex. Civ. App.) 248 S. W. 751; Fire Ins. Co. v. Littlejohn (Tex. Civ. App.) 228 S. W. 595. In the Littlejohn Case, supra, one of the justices dissented from the holding of the majority that the suit should be transferred to the county of the defendant's residence, and expressed the opinion that the plea of misjoinder should have been sustained and the suit dismissed.

[2] As before stated, we are not willing to hold that the two causes of action could not have been joined, and therefore the suit should not have been dismissed, but transferred to the proper county. Since the defendant Adams might have brought his suit against appellants in either the county of Kerr or the county of Dallas, he has the

right to choose the county to which it should be transferred. In event he declines to make such selection, his suit should be dismissed.

The judgment of the trial court is reversed, and judgment here rendered as above indicated.

Reversed.