## COMMERCIAL STANDARD INS. CO. v. MORROW et al.

### No. 11427.

Court of Civil Appeals of Texas. Dallas.

Jan. 27, 1934.

Rehearing Denied Feb. 24, 1934.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Smithdeal, Shook, Spence & Bowyer and J. Louis Shook, all of Dallas, and King, Wood & Morrow and Newton Gresham, all of Houston, for appellees.

LOONEY, Justice.

For convenience, the insurance companies involved will be referred to as, the Republic Company, the Commercial Standard, and the Security Union.

The Commercial 'Standard appealed from a judgment, sustaining the plea urged by Wright Morrow, receiver of the Security Union, to be sued in Harris county.

The question arose, as follows: The Republic Company sued the Commercial Standard, alleging the execution of a contract by the Security Union, reinsuring the Republic Company against liability for losses under certain policies issued by it; that Wright Morrow was appointed receiver of the Security Union by a district court of Travis county; and that under an arrangement between him, as receiver, and the Commercial Standard, the latter assumed all liability incurred by the Security Union under the reinsurance contract, which was alleged to be $608, for the recovery of which the Republic Company sought judgment.

The Commercial Standard answered the suit, and filed a cross-action, making Wright Morrow, receiver, defendant, alleging that it received no consideration whatever for the alleged assumption; that the premiums accruing upon the insurance ceded to the Security Union by the Republic Company during the period it is alleged the Commercial Standard's assumption agreement was effective, amounted to $2,000, and if held liable on the assumption agreement, that it is entitled to be paid these premiums; praying that, in the event of an adverse judgment on the assumption agreement, that it have judgment over against the receiver for like amount, also judgment for $2,000, the amount of accrued premiums, etc.

The receiver pleaded his privilege, to be sued in Harris, the county of his residence. The plea was controverted, the Commercial Standard contending that venue was properly laid in Dallas county, under subdivisions 4, 29a, article 1995, Vernon's Ann. Civ. St., in that the receiver was a necessary party to the suit.

The agreed statement of facts reveals that on October 1, 1927, the Republic Company and the Security Union entered into a written contract, the latter agreeing to reinsure part of risks then carried by the Republic Company; that this contract was terminated on June 30, 1928, but the Security Union was not released from liability for losses thereafter sustained under certain outstanding three and five-year policies of the Republic Company; that, on July 31, 1933, Hon. Wright Morrow was appointed receiver of the assets and properties of the Security Union, by a district court of Travis county; that, among other obligations outstanding against the Security Union, was its liability under the reinsurance contract with the Republic Company; and that, with reference to this, the receiver entered into an arrangement with the Commercial Standard, whereby the latter assumed this liability, as evidenced by its communication to the Republic Company, dated August 26, 1933, as follows: "Please be advised that the Commercial Standard Insurance Company hereby assumes liability on all reinsurance placed in the Security Union Insurance Company, of Houston, Texas, by the Republic Insurance Company, of Dallas, Texas. Please prepare and forward to us, as early as possible, a schedule, showing the unearned premiums on this reinsurance. This is in accordance with telephone conversation had with you by our Mr. J. E. Earnest on the 23rd inst." Being informed later by the receiver that he was without authority to make the agreement, the Commercial Standard addressed a night letter to the Republic Company, dated September 17, 1930, canceling its assumption, the communication reads: "We are cancelling effective noon September eighteenth nineteen thirty binder covering your reinsurance effected with Security Union Insurance Company. Stop. We are claiming from receiver premiums period beginning July twenty second and ending September eighteenth and suggest you claim against receiver unearned premiums dated cancellation September twenty second." It appears, however, that the liability of the Security Union, on the reinsurance contract assumed by the Commercial Standard, accruing while the assumption agreement was effective, amounted to the sum of $608 and that premiums accruing on outstanding policies, for same period, amounted to the sum of $2,000, but no part of these premiums was paid to Commercial Standard by either the receiver or the Republic Company.

We think the only exception to exclusive venue, applicable to the case, is set forth in subdivision 29a, reading: "Whenever there are two or more defendants in any suit

brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

■■ The contention of appellee is that the facts do not bring the case under this exception—in that, it applies only where a nonresident defendant is brought in by the plaintiff, and is not applicable, in any event, where, as in the instant case, the nonresident is made defendant in a cross-action. It is obvious that the case is not within the letter of the statute, and, if held to be within its intent and spirit, it would be on the theory that necessary parties are required to be before the court, as it is said, that whenever it develops that additional parties are necessary, in order to properly adjust equities and prevent multiplicity of suits, the court, even of its own motion, will stay proceedings until all necessary parties are brought in. Gann v. Phillips (Tex. Civ. App.) 268 S. W. 1060, 1063. However, this question is left undecided, because we hold that the receiver is not a necessary party to the suit of the Republic Company against the Commercial Standard.

We express no opinion as to the liabilities involved, these issues will be determined later, the question for decision just now, is, whether the receiver is a necessary party to the suit by the Republic Company against the Commercial Standard, based upon its assumption agreement? We do not think so, for the following reasons: The doctrine is well settled, in this state, that one who assumes the obligation of another becomes primarily liable and may be sued by the beneficiary of the agreement, without joining the original obligor, whose liability, if any exists, in the changed status, is only secondary. See Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672; Geistweidt v. Mann (Tex. Civ. App.) 37 S. W. 372; McCown v. Schrimpf, 21 Tex. 27, 73 Am. Dec. 221; Spann v. Cochran, 63 Tex. 240.

■■ While the assumption agreement, upon which the Republic Company sued the Commercial Standard, is, in a general way, connected with the subject-matter of the cause of action alleged by Commercial Standard against the receiver, yet these causes of action are clearly separable and distinct. If the receiver is, in any sense, liable to the Commercial Standard, under the facts as alleged, the right to maintain venue in Dallas county is not shown to exist under any exception provided by statute. A defendant brought in by cross-bill is entitled to assert his privilege to be sued in the county of his residence, in the same manner as if brought in by the plaintiff. See Holloway v. Blum, 60 Tex. 625; Burgess v. Adams (Tex. Civ. App.) 273 S. W. 343. After, as we think, properly sustaining the plea of privilege, the court did not err in transferring the cause of action, as to the receiver, to a proper court of Harris county, and retaining the suit upon its docket as against the Commercial Standard; this is precisely what should have been done, as directed by amended article 2020, R. S., adopted at Regular Session of Forty-Third Legislature (1933), chapter 177, pages 546, 547, Session Acts (Vernon's Ann. Civ. St. art. 2020). Judgment of the court below is affirmed.

Affirmed.