## SHERROD et al. v. RUUD MFG. CO. et al.
### No. 5383.

Court of Civil Appeals of Texas. Amarillo.
Jan. 19, 1942.

Bean, Evans & Bean, of Lubbock, for appellant.

E. L. Klett, of Lubbock, for appellee Ruud Mfg. Co.

Randal & Kilpatrick, of Lubbock, for appellee Warren Petroleum Corporation.

JACKSON, Chief Justice.

Allen Bird, herein called plaintiff, for himself, for the use and benefit of J. F. Gray and Mattie Gray, the father and mother of his deceased wife, Henrietta Gray Bird, and as next friend for Mary Katherine Bird and Jimmy Bird, who are the minor children of plaintiff and his deceased wife, instituted this suit in the District Court of Garza County, Texas against B. Sherrod and Paul Sherrod, doing business under the firm name and style of Sherrod Bros. Hardware Company, hereinafter designated as Sherrod Bros., to recover the sum of $25,000 for the death of Henrietta Gray Bird alleged to have been caused by an explosion from escaping gas in the home of plaintiff which resulted from the negligence of Sherrod Bros.

The plaintiff alleges that he purchased from Sherrod Bros. a Butane gas system which they agreed to and did install in his home in Garza County. Among other acts of negligence he pleads that with the system was an automatic water heater and as a part thereof there was an attachment known as an orifice for the passage of gas; that the particular orifice in the heater installed in his home was not manufactured for use in a Butane gas system but was made for use of natural gas in a natural gas system; that such natural gas appliance was not safe for use with Butane gas and the use of such appliance with the Butane system was negligence and a proximate cause of the explosion which resulted in the death of his wife.

He also alleged the Butane gas furnished for use by Sherrod Bros. in the system they installed had no malodorant injected therein to enable plaintiff and his immediate family to detect escaping gas; that the failure to have a malodorant in the gas was negligence and a proximate cause of the death of his wife.

Sherrod Bros. filed a plea of privilege in proper form to be sued in Lubbock County, the place of their residence. This plea was overruled by the trial court and on an appeal prosecuted to this court the judgment was reversed and the cause remanded and the case ordered transferred to the District Court of Lubbock County for trial in an opinion reported in Sherrod v. Bird, Tex.Civ.App., 155 S.W.2d 422 to which opinion we refer for additional facts.

While this appeal on said plea of privilege was pending Sherrod Bros. filed their answer in the District Court of Garza County pleading general denial, contributory negligence of the plaintiff and numerous defenses to the alleged cause of action against them. With said answer they filed a cross-action against the Rudd Manufacturing Company and Warren Petroleum Corporation and had them made parties to the suit.

Sherrod Bros. in their cross-action alleged that the particular burner claimed by the plaintiff to be placed in the water heater was purchased from the Rudd Manufacturing Company at Dallas as a Butane gas burner with the proper orifice for use in burning Butane gas; that they purchased the gas furnished plaintiff from Warren Petroleum Corporation; contracted that the gas furnished should have a malodorant therein as the law of Texas required; that the use of Butane gas is dangerous and the fixtures necessary for the safe use thereof should be free of defects and if it should be determined that Sherrod Bros. are liable to the plaintiff because of the use of a natural gas orifice for a Butane gas system or for the failure to insert a malodorant in the gas that the Rudd Manufacturing Company and the Warren Petroleum Corporation, hereinafter called cross-defendants, are either solely responsible for the explosion of the gas and the damages or at least jointly responsible with Sherrod Bros. for the damages resulting from such explosion.

No pleadings were filed by the plaintiff Bird against the cross-defendants either in his petitions or in reply to the cross-action of Sherrod Bros.

The Rudd Manufacturing Company filed its plea of privilege; asserted that it has a permit to do business in Texas and has its principal office and place of business in Dallas County. The Warren Petroleum Corporation filed its plea of privilege and alleged that it is a resident of Harris County with an agent and principal place of business in said county, and each of said defendants requested that the alleged cross-action be transferred to its respective place of residence.

Sherrod Bros. controverted the pleas of privilege of the cross-defendants; alleged that each was a foreign corporation and that the cause of action of Sherrod Bros.

or a part thereof against each of said cross-defendants arose in Garza County; that such defendants knew the use to which the water heater and the Butane gas were to be put; knew that the gas was highly inflammable, was an explosive substance and each of the cross-defendants were necessary and proper parties since the complaint of plaintiff against Sherrod Bros. grew out of the same transaction. A hearing was had on each of these pleas of privilege, each was sustained and the cause of action alleged in the cross-action against Ruud Manufacturing Company was transferred to the District Court of Dallas County and the cause of action alleged against Warren Petroleum Corporation was transferred to the District Court of Harris County, from which judgments of the court Sherrod Bros. prosecute this appeal.

After the hearing was had on these two pleas the court took the matter under consideration during which time Sherrod Bros. filed a motion in which they prayed that in the event the cross-defendants were not held in Garza County that the court transfer the cross-action to Lubbock County where Sherrod Bros. have their home and in the alternative that the cross-action against both cross-defendants be transferred to Dallas County. So far as the record discloses the cross-defendants were given no notice of this motion and no opportunity to be heard thereon.

The testimony before the court on the pleas of privilege discloses that Ruud Manufacturing Company is a foreign corporation with its place of business in Dallas County, Texas but has no agent or office in Garza or Lubbock County, Texas; that the Warren Petroleum Corporation is a foreign corporation with no office or agent in either Garza or Lubbock County, Texas.

If Sherrod Bros. can maintain venue against these cross-defendants in the District Court of Lubbock County it is under section 4 of article 1995, Vernon's Annotated Texas Civil Statutes, which so far as material to this discussion provides: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." If they can maintain the suit in Garza County it is under section 23 of article 1995, Vernon's Annotated Texas Civil Statutes, the part of which involved in this hearing reads as follows: "Suits against a private corporation * * * may be brought in any county in which the cause of action, or a part thereof, arose."

Paul Sherrod, one of the Sherrod Brothers, testified that he could state the type of the burner they purchased from Ruud Manufacturing Company and installed in the home of plaintiff; that he had examined it and it was "a Butane burner". B. Sherrod testified that he went to the plant of the Warren Manufacturing Corporation situated near Monument, New Mexico and purchased Butane gas; that they sent their truck from Lubbock to the plant and the Butane gas was loaded into a tank thereon and transported by them to the ranch home of plaintiff in Garza County and a part thereof transferred to the Butane gas tank of the plaintiff; that the Warren Petroleum Corporation agreed to mix a proper malodorant with the gas in order that its escape from the plant or any part thereof would be easily detected. Both appellants testified that they knew of no defects in any of the appliances constituting the system which they installed in the plaintiff's home and had never received any complaints about the Butane gas they had purchased from the Warren Petroleum Corporation and did not know whether it contained a malodorant. They introduced a photostatic copy of the certificate furnished by Warren Petroleum Corporation to the Railroad Commission of Texas to the effect that the gas sold to Sherrod Bros. and involved in this controversy contained a malodorant. They also introduced the certificate of the Secretary of the Railroad Commission of Texas certifying that the Commission had been furnished with and had the original of said copy. Sherrod Bros. also offered in evidence the petition of the plaintiff to prove that he had pleaded a cause of action against them but other than this no testimony was produced to prove that plaintiff did have a cause of action against Sherrod Bros. the existence of which was the basis of the cross-action. In their answer to the plaintiff's petition Sherrod Bros. pleaded a general denial, the contributory negligence of plaintiff and numerous other defenses to defeat plaintiff's recovery.

In Burgess et al. v. Adams et al., Tex. Civ.App., 273 S.W. 343, 344, the Court of Civil Appeals of Galveston held that: "Where a nonresident defendant is not sued jointly by the plaintiff with a resident defendant residing in the county where the suit is filed a cross-action by the

resident defendant against a nonresident defendant does not come within one of the exceptions as to venue, expressed in articles 1830 and 2308 of the Revised Civil Statutes of the State of Texas [Vernon's Ann.Civ.St. arts. 1995, 2390], and it is error for the court to overrule a plea of privilege as against such cross-action of such resident defendant when properly presented by the nonresident defendant."

In Commercial Standard Ins. Co. v. Morrow et al., Tex.Civ.App., 68 S.W.2d 540, 542, after quoting subdivision 29a of the venue statute, the Court of Civil Appeals of Dallas says: "The contention of appellee is that the facts do not bring the case under this exception—in that, it applies only where a nonresident defendant is brought in by the plaintiff, and is not applicable, in any event, where, as in the instant case, the nonresident is made defendant in a cross-action. It is obvious that the case is not within the letter of the statute, and, if held to be within its intent and spirit, it would be on the theory that necessary parties are required to be before the court, as it is said, that whenever it develops that additional parties are necessary, in order to properly adjust equities and prevent multiplicity of suits, the court, even of its own motion, will stay proceedings until all necessary parties are brought in. Gann v. Phillips, Tex.Civ.App., 268 S.W. 1060, 1063."

■ The court would not be authorized under this record and these authorities if presented in due time and form to change the venue of the cross-action filed in Garza County to Lubbock County because it is the domicile of Sherrod Bros.

■ On their plea of privilege the burden is on Sherrod Bros. to establish the existence of such venue facts as would warrant the court in transferring the case on some exception to the venue statute. Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91. In order to maintain venue in Garza County Sherrod Bros. were required to show that the cause of action on their cross-complaint or a part thereof arose in said county. Rural Life Insurance Company v. Caperton, Tex.Civ.App., 156 S.W. 2d 309. This they failed to do.

■ The testimony is sufficient to show that the Ruud Manufacturing Company

sold and furnished to Sherrod Bros. a Butane gas burner, not a natural gas burner as alleged, and this is the only negligence charged to the Ruud Manufacturing Company that could constitute a cause of action or a part of a cause of action in behalf of Sherrod Bros. arising in Garza County against it. The testimony is also sufficient to warrant the court in deciding that the Butane gas furnished by the Warren Petroleum Corporation had inserted therein a malodorant. The absence of such malodorant is the only negligence asserted against it. The only suggestion in the testimony that such odorant had not been mixed with the gas is the testimony of plaintiff who said he had never smelled any bad odor while the plant had been in use. He fails to state any opportunity to have smelled the gas. The testimony is entirely negative and would show with as much force that there was no escape of the gas from any of the appliances as that no malodorant had been mixed therewith. The fact that the explosion occurred in Garza County causing the death of the deceased is not sufficient to prove the negligence alleged against these cross-defendants. Linde Air Products Co. et al. v. Page et al., Tex.Civ.App., 131 S.W.2d 1057; Page et al. v. Bond et al., 134 Tex. 90, 132 S.W.2d 579.

■ The law seems to be settled that Sherrod Bros., who were the defendants in the original suit, and brought the cross-action against the cross-defendants who reside in different counties, have the right to select which of the two counties of the respective residences of the cross-defendants to which their cross-action may be transferred. Burgess et al. v. Adams et al., supra; Spinnler et al. v. Armstrong, Tex.Civ. App., 63 S.W.2d 1071; Reynolds-Kimberlin Oil Co. v. Perry, Tex.Civ.App., 80 S. W.2d 787.

Under these authorities the court should have transferred the cross-actions alleged by Sherrod Bros. against the cross-defendants to Dallas County in compliance with the election of Sherrod Bros.

The judgment of the trial court sustaining the pleas of privilege urged by the cross-defendants is reformed so as to transfer the cross-actions against both cross-defendants to the District Court of Dallas County and as so reformed is affirmed.