See also Tex.Civ.App., 413 S.W.2d 740.

---

HIGH PLAINS NATURAL GAS COM-
PANY, Appellant,

v.

CITY OF PERRYTON, Appellee.

No. 7874.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 23, 1968.

Rehearing Denied Oct. 28, 1968.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, R. A. Wilson, Amarillo, of counsel, for appellant.

Lemon, Close & Atkinson, Perryton, Otis C. Shearer, Perryton, of counsel, for appellee.

NORTHCUTT, Justice.

This is a venue case heard by the court without a jury. High Plains Natural Gas Company will hereafter be referred to as appellant and the City of Perryton as appellee. For convenience, the statement of the case as made by appellant herein will be adopted as follows: This is an appeal from an order overruling appellant's plea

of privilege to be sued in Dallas County, Texas. Jay Britton and wife, Erva Britton, sued the City of Perryton seeking the recovery of damages, both personal injury and property damage, attributable to an explosion. The City of Perryton is the sole defendant in the suit as brought by Brittons, appellant is not a party to the original suit, and Brittons do not seek any relief from appellant. City of Perryton filed an amended answer and cross action in which it impleaded appellant as a third party defendant. Appellant filed pleas of privilege, original and amended, the purpose of the amended plea of privilege being to make specific denial of the City's allegation that appellant was a foreign corporation. City of Perryton controverted appellant's plea of privilege and following hearing the plea was overruled and appellant gave notice of appeal and prosecuted this appeal. The issues in this appeal concern only appellant and City of Perryton.

The appellant filed its plea of privilege to be sued in Dallas County, Texas, the place of its principal offices and place of business. The appellee filed its controverting plea contending appellant was a foreign corporation existing under the laws of the State of Delaware and that it maintained an agency or representative in Ochiltree County, and that venue of this suit was properly in Ochiltree County under and within the meaning of Sec. 27 of Art. 1995, Vernon's Ann.Texas Civil Statutes. Appellee further pleaded in the alternative in its controverting affidavit that venue was properly in Ochiltree County under and within the meaning of Sec. 5 of Art. 1995. Appellant filed its amended plea of privilege to deny it was a foreign corporation as alleged by the appellee in its controverting plea. Appellant and appellee agree that appellant was not a foreign corporation as alleged by appellee and that the sole issue here involved is whether appellee has properly shown venue in Ochiltree County under Sec. 5, Art. 1995, Texas Civil Statutes. Said section provides as follows:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Our Supreme Court in Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774 considered the question of venue in an action wherein a cross action was filed for contribution in the event judgment should be rendered against the defendant in the main suit. Chief Justice Alexander speaking for the Supreme Court said:

"(6) Under the above holding, Amberson's cross-action against the third party is distinct and severable from the controversy involved in plaintiffs' suit against the main defendant. Consequently, the cross-action must be treated as an independent suit, and the venue thereof must be tested on the merits of the cross-action, and independent of the venue of plaintiffs' suit. Burgess et al. v. Adams et al., Tex.Civ.App., 273 S.W. 343; Sherrod et al. v. Ruud Mfg. Co. et al., Tex.Civ.App., 158 S.W.2d 351; Commercial Standard Ins. Co. v. Morrow et al., Tex.Civ.App., 68 S.W.2d 540; 38 Tex. Jur. 402."

See also U. S. Steel Corporation v. Strong Drilling Co., Tex.Civ.App., 272 S.W.2d 791, and Sanders et al. v. Select Insurance Co., Tex.Civ.App., 406 S.W.2d 937 to the same effect.

■ Appellant was not a party in the original suit brought herein by Mr. and Mrs. Britton against the City of Perryton but was brought into the suit by appellee's cross action. Consequently, venue of this suit as to appellant must be determined as if this were an original suit brought by appellee against appellant.

Under the record here we think the sole issue to be determined is whether appellee pleaded and proved such facts to sustain venue in Ochiltree County as provided in Sec. 5, Art. 1995, Texas Civil Statutes. In both the appellee's cross action and controverting affidavit, it pleads a contract entered into on March 11, 1958 by and between appellant and the appellee, City of Perryton; but that contract as introduced by appellee shows to be a contract made and entered into by and between Public Service Corporation of Texas and the appellee, City of Perryton. However, on the hearing of the plea of privilege, the appellee introduced into evidence, over the objections of the appellant that there were no pleadings to permit the introduction of said instrument, an instrument styled "Amendment of Gas Contract" and signed by appellant and appellee which provided "Whereas, Public Service has been dissolved and High Plains Natural Gas Co. has acquired certain assets of Public Service and has acquired the rights and obligations of Public Service under said contract dated March 11, 1958". It should be noticed that there is no proof herein that Public Service had been dissolved or that appellant obtained assets of Public Service other than instruments here involved. Unless the instrument designated as "Amendment of Gas Contract" was properly admitted in evidence, there is no proof herein to establish a contract performable in Ochiltree County by appellant as provided under Sec. 5, Art. 1995.

The only contract pleaded by appellee in its cross action and controverting plea to show a contract in writing performable in Ochiltree County was the contract of March 11, 1958. In appellee's cross action it alleges "by virtue of a sales contract executed on March 11, 1958, in which the High Plains Natural Gas Co. was vendor and the City of Perryton was the vendee * *", then in appellee's controverting plea it alleged "in the written contract executed on March 11, 1958, High Plains Natural Gas Co. agreed and does agree to furnish the City of Perryton, Ochiltree County, Texas, natural gas * * *."

There are no pleadings herein concerning the instrument designated herein as "Amendment to Gas Contract" and without such instrument there is nothing to hold venue in Ochiltree County. Appellant did not deny in any of its pleadings the execution of the March 11, 1958 contract. When appellee pleaded said contract and introduced it in evidence it was bound thereby. The question then arises—may the appellee rely upon some other instrument not pleaded by it?

It is stated in Victoria Bank & Trust Co. v. Monteith et al., 138 Tex. 216, 158 S.W.2d 63 "whatever the proof may have been, venue cannot be retained in Harris County under an exception not involved, or upon a venue fact not alleged as such, in the controverting affidavit". That same case further stated that it was necessary, when a plaintiff invokes an exception to defeat the plea of privilege, to both plead specifically and prove facts showing that a cause of action arose in their favor against the defendant there citing Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. In the Compton case it is stated:

"(1) It is well settled that 'with the venue challenged, under proper plea, by one sued without his county, * * * the burden not only to allege but to prove that the case is within one of the exceptions to the statute rests on the plaintiff'. Coalson v. Holmes, 111 Tex. 502, 510, 240 S.W. 896, 898; Hilliard Bros. v. Wilson, 76 Tex. 180, 13 S.W. 25; World Company v. Dow, 116 Tex. 146, 287 S.W. 241; Benson v. Jones, 117 Tex. 68, 296 S.W. 865; Greenville Gas & Fuel Co. v. Commercial Finance Co., 117 Tex. 124, 298 S.W. 550; Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.2d 495; Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.2d 845; Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.2d 824."

It is stated in Papas v. Harmon, Tex.Civ. App., 263 S.W.2d 269 as follows:

"(1) The specific grounds relied upon to confer venue must be set out in a controverting plea. No other facts can be considered, Gholson v. Thompson, Tex. Civ.App., 298 S.W. 318, and the plaintiff must prove the facts specifically alleged to bring the case within one of the exceptions. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Longhorn Trucks, Inc. v. Bailes, Tex.Civ. App., 225 S.W.2d 642, mandate overruled; Morris Plan Bank of Fort Worth v. Ogden, Tex.Civ.App., 144 S.W.2d 998."

See also H. E. Butt Grocery Co. v. Neely, Tex.Civ.App., 417 S.W.2d 759.

■ Under all the pleadings herein venue was sought to be held in Ochiltree County, Texas by virtue of the contract of March 11, 1958. The appellant was not a party in that instrument but it was a contract between Public Service Corporation of Texas and the City of Perryton. We are of the opinion, and so hold, the court erred in permitting the appellee to introduce into evidence, over appellant's objection, to sustain venue in Ochiltree County an instrument relied upon but not in any manner pleaded. Judgment of the trial court is reversed and judgment here rendered that the plea of privilege of High Plains Natural Gas Co. be sustained, and the case as to High Plains Natural Gas Co. be transferred to a district court in Dallas County, Texas.

DENTON, Chief Justice.

I respectfully dissent.

Appellee has properly pleaded and proved sufficient facts to retain venue in Ochiltree County under Subsection 5 of Article 1995, Texas Annotated Civil Statutes. The contract of March 11, 1958, entered into between appellee and Public Service Corporation of Texas was pleaded and proved. The City's cause of action against appellant, if any, must be derived from the terms of the 1958 contract between the City and Public Service. By the terms of an "Amendment to the Gas Contract" entered into by the City and appellant dated February 2, 1965, appellant "acquired the rights and obligations of Public Service under said Gas Contract dated March 11, 1958". This amendment amended the 1958 contract by providing for periodic raises of the price of the gas to be sold to the City, and substituting an entirely new paragraph in lieu of a paragraph in the original contract. Both the original contract and the 1965 amendment were properly admitted into evidence.

It is uncontradicted appellant is supplying the City with the gas it uses in its distribution system, and has been doing so for some five years. The gas is supplied by the appellant under the terms of the 1958 contract, as amended. When appellant "acquired certain assets of Public Service" and "acquired the rights and obligations of Public Service under said gas contract dated March 11, 1958" it became bound by the terms of the original contract. Terrazas v. Carroll (Tex.Civ.App.) 277 S.W.2d 274, and Dansby v. Stroud (Tex.Civ.App.) 48 S.W.2d 1018 (Error Ref.). One of these obligations was to furnish odorized gas to appellee as prescribed by the laws of the state and regulations of the Railroad Commission. Appellant and its predecessor were obligated to transport and deliver the gas to the City at the vendor's border station "located in or near the city". The City's director of public works testified appellant's two meters or border stations were located within the city limits and had been selling the City gas under its own name for some five years. In my opinion, the pleadings and proof are sufficient to properly sustain venue in Ochiltree County under the provisions of Subdivision 5.

I would sustain the judgment of the trial court.